**In re Thomas C. BRICKLE, Respondent. A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 85–1565.**

District of Columbia Court of Appeals.

Submitted Oct. 28, 1986.

Decided Feb. 24, 1987.

Thomas H. Henderson, Jr., Bar Counsel, and Elizabeth A. Kohlman, Asst. Bar Counsel, Washington, D.C., were on the brief, for petitioner, the Office of Bar Counsel.

Joan L. Goldfrank, Washington, D.C., Executive Atty. for the Bd. on Professional Responsibility.

Thomas C. Brickle, Washington, D.C., pro se.

Before PRYOR, Chief Judge, and NEBEKER and BELSON, Associate Judges.

PER CURIAM:

Respondent Thomas C. Brickle is an attorney who was admitted to the bars of Virginia, Wisconsin, and the District of Columbia. Following revocation of respondent's license to practice law in Virginia, the District of Columbia Board on Professional Responsibility ("the Board") issued a Report and Recommendation in which it recommended to the court that reciprocal discipline be imposed on respondent in the form of revocation of his licence to practice law in the District of Columbia. We conclude that respondent's misconduct warrants substantially different discipline in this jurisdiction from that imposed in Virginia, and remand to the Board for a *de novo* hearing.

The series of events that led the Supreme Court of Virginia to revoke Brickle's license to practice began when he was appointed to administer the will of a Virginia resident. Because he did not reside in Virginia, respondent was required to arrange to have a person who resided in that commonwealth appointed as co-administrator of the estate. *See* VA.CODE ANN. § 26–59 (1985). In the course of administration, respondent drew on the estate account several checks on which respondent forged his co-administrator's signature. The co-administrator did not authorize respondent to sign his name, and had no knowledge of respondent's corresponding withdrawals from the account. Respondent actively concealed his fraudulent actions from the co-administrator, and failed to forward to him copies of the estate bank accounts despite repeated requests that he do so. At one time, respondent reported to the Circuit Court of Alexandria an estate balance of over $24,000 when, in fact, less than twenty dollars remained in the account.

Respondent's co-administrator eventually discovered respondent's misappropriations of the estate funds. At the co-administrator's behest, respondent signed a detailed affidavit admitting to the misappropria-

tion.[1] On June 4, 1985, the co-administrator mailed the affidavit to the Virginia State Bar. Eleven days later, respondent mailed to the Virginia Supreme Court his letter of resignation from the Bar. The Virginia Supreme Court accepted respondent's resignation and revoked his license.

By Virginia statute, an attorney who resigns from the Bar while charges are pending against him is deemed to have admitted those charges. Va.Sup.Ct.R. Pt. 6, § IV, ¶ 13 H. The Virginia State Bar notified the Board that respondent had acknowledged his professional misconduct by surrendering his license in Virginia. The Board sent a letter to respondent indicating its intention to recommend reciprocal discipline unless respondent or Bar Counsel demonstrated that the Board should not do so because of the presence of one of the elements listed in D.C.Bar R. XI, § 18(5)(a)–(e), set forth below. The Board invited respondent to file any objections. After respondent filed a letter which did not address the elements listed in Rule XI, § 18(5), the Board entered an order requiring that respondent either resign from the Bar or file a statement showing why reciprocal discipline should not be imposed. Respondent declined to resign and argued that reciprocal discipline should not be imposed because he had not been afforded due process in the Virginia proceedings.[2] The Board then issued a Report and Recommendation, recommending as reciprocal discipline the revocation of respondent's license to practice law in the District of Columbia.

The rules of this court governing the District of Columbia Bar mandate the imposition of discipline identical to that imposed by another jurisdiction, unless the court finds, clearly, one of the five factors listed in D.C.Bar R. XI, § 18(5):

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

---

**1.** Respondent's affidavit is the source of the facts set forth in the preceding paragraph of this opinion.

**2.** In view of our disposition of this matter, we do not reach respondent's assertions regarding due process.

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

*See In re Velasquez,* 507 A.2d 145, 146 (D.C.1986) (per curiam).

 We agree with Bar Counsel that misappropriation clearly warrants discipline in this jurisdiction substantially different from that imposed in Virginia. Although our rules regarding disciplinary sanctions do not include the sanction of revocation, when we are imposing reciprocal discipline, this court is required to impose discipline identical to that imposed by the other disciplining state. D.C.Bar R. XI, § 18(5); *see In re Rosen,* No. M–69(81) (D.C. Nov. 20, 1981) (per curiam). If this court were to impose discipline identical to that imposed in Virginia, *viz.,* revocation, respondent could apply for reinstatement at any time, upon submission of proof of fitness. *See* Va.Sup.Ct.R. Pt. 6, § IV, ¶ 13. Under District of Columbia law, on the other hand, intentional misappropriation of estate funds would almost certainly result in disbarment.[3] *See, e.g., In re Minninberg,* 485 A.2d 149, 151 (D.C.1984) (per curiam); *In re Burton,* 472 A.2d 831, 831 (D.C. (per curiam), *cert. denied,* 469 U.S. 1071, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984); *cf. In re Hines,* 482 A.2d 378, 386–87 (D.C.

1984) (per curiam). Disbarment would prevent respondent from seeking reinstatement to the Bar for five years after the date of his disbarment. *See* D.C.Bar R. XI, § 21(2).

Revoking respondent's license to practice law is analogous to suspending respondent for an indefinite period and requiring him to demonstrate fitness before being reinstated. *Cf.* D.C.Bar R. XI, § 3(2).[4] An indefinite suspension is substantially less severe than disbarment, which precludes reinstatement for a period of five years. *Cf. In re Sheehy,* 454 A.2d 1360 (D.C.1983) (en banc) (rejecting Board on Professional Responsibility's recommendation of disbarment and instead imposing two-year suspension). Since the discipline normally warranted upon proof of the misconduct alleged against respondent, i.e., disbarment, constitutes a substantially different discipline from that imposed in Virginia, we remand to the Board on Professional Responsibility for a *de novo* hearing.

*It is so ordered.*

---

**3.** We reject the Board's assertion that the misconduct for which it seeks reciprocal discipline is respondent's resignation while charges were pending against him. Clearly, the District of Columbia Bar's interest in imposing discipline arises from respondent's betrayal of fiduciary duties, not his resignation in the face of an investigation.

**4.** Under the Bar Rules, an attorney suspended for less than one year is reinstated automatical-

ly at the end of the period of suspension. D.C.Bar R. XI, §§ 3(2), 21(3). If the suspension is for a period longer than one year, the attorney must prove his rehabilitation by clear and convincing evidence at a reinstatement proceeding. *Id.* §§ 3(2), 21(1), (5). Thus, the discipline imposed against respondent in Virginia is like a year-and-a-day suspension, but without the requirement that respondent wait one year before applying for reinstatement.