Before FERREN, FARRELL and KING, Associate Judges.

## In re John J. MOORCONES, Respondent.

### A Member of the Bar of the District of Columbia

### No. 92–SP–229.

District of Columbia Court of Appeals.

Submitted Jan. 19, 1993.

Decided Feb. 5, 1993.

PER CURIAM:

In this reciprocal discipline case, the Board on Professional Responsibility has recommended that respondent's license to practice law be revoked to correspond with the revocation of his license by the state of Virginia, with leave for respondent to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years pursuant to D.C.Bar Rule XI, § 16, whichever of these events occurs earlier.

The Board's recommendation is based upon admissions by respondent in the Virginia proceedings establishing that he made personal use of funds in a client trust account that had not been debited because of bank error. The Board and Bar Counsel agree that this behavior, though certainly misconduct under our Rules of Professional Responsibility, was not shown clearly enough to be intentional misappropriation requiring disbarment. *See In re Addams*, 579 A.2d 190 (D.C.1990) (en banc).

We accept that finding, as well as the Board's recommended sanction. In this court, respondent makes no effort to demonstrate under D.C.Bar Rule XI, § 11(c), why reciprocal discipline should not be imposed. Further, "[a]lthough our rules regarding disciplinary sanctions do not include the sanction of revocation, when we are imposing reciprocal discipline, this court is required to impose discipline identical to that imposed by the other disciplining state." *In re Brickle*, 521 A.2d 271, 273 (D.C.1987). Accordingly, it is

ORDERED that respondent's license to practice law in the District of Columbia is revoked *nunc pro tunc* to March 20, 1992, his date of suspension by this court. Respondent's attention is specifically directed to D.C.Bar Rule XI, § 14.

*So ordered.*