**In re Robert Henry DIDAY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–SP–1295.**

District of Columbia Court of Appeals.

Submitted Sept. 28, 1993.
Decided Oct. 18, 1993.

Before STEADMAN and SULLIVAN, Associate Judges, and PRYOR, Senior Judge.

On Report and Recommendation of the Board on Professional Responsibility

PER CURIAM:

This unopposed reciprocal discipline case is almost identical to *In re Moorcones,* 619 A.2d 983 (D.C.1993), which we follow here. The Board on Professional Responsibility has recommended that respondent's license to practice law be revoked to correspond with the revocation of his license by the state of Virginia, with leave for respondent to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years pursuant to D.C.Bar Rule XI, § 16, whichever of these events occurs earlier. The Virginia revocation was based upon the respondent's misappropriation of client funds, neglect of client matters, and failure to communicate with clients. The Board and Bar Counsel agree that this behavior, though certainly misconduct under our Rules of Professional Responsibility, was not shown clearly enough to include inten-

---

tional misappropriation, requiring disbarment. *See In re Zilberberg*, 612 A.2d 832 (D.C.1992). Accordingly, it is

ORDERED that respondent's license to practice law in the District of Columbia is revoked as of the date of this order. Re-

spondent's attention is specifically directed to D.C.Bar R. XI, § 14.[1]

*So Ordered.*

---

**1.** Respondent did not comply with the provisions of D.C.Bar Rule XI, § 14 at the time of his original suspension by this court on November 14, 1992, and is therefore ineligible for *nunc pro tunc* consideration. D.C.Bar R. XI, § 16(f).