In the Matter of Felix B.
OTCHERE, Esquire

A Member of the Bar of the District
of Columbia Court of Appeals.

Nos. 95–BG–42, 95–BG–624.

District of Columbia Court of Appeals.

June 6, 1996.

Before SCHWELB and KING, Associate
Judges, and KERN, Senior Judge.

### ORDER

PER CURIAM.

This is a reciprocal disciplinary matter[1] under Rule XI, § 11, of the Rules Governing the Bar, and is before the court on consideration of the report and recommendation of the Board on Professional Responsibility, recommending that the court revoke respondent's license, with leave for respondent to apply for reinstatement in the District of Columbia should he be reinstated in Virginia, or after the expiration of five years pursuant to D.C. Bar R. XI, § 16, whichever of these events occurs first. Bar counsel elected not to note an exception to the report and recommendation of the Board on Professional Responsibility, and the respondent has not filed an exception to the discipline recommended by the Board on Professional Responsibility nor has respondent complied with the provisions of D.C. Bar R. XI, § 14(g). Accordingly, it is

ORDERED that, pursuant to Rule XI, § 11(f)(1) of the Rules Governing the Bar, the recommendation by the Board on Professional Responsibility is hereby adopted and

---

1. The consolidated matters arise from this court's February 9, 1995 and June 2, 1995, orders suspending respondent and directing the Board to determine whether reciprocal discipline should be imposed. Our order in BDN 15–95 (appeal No. 95–BG–42) suspended respondent based on his petition to surrender his license in the Commonwealth of Virginia, by which he admitted charges of misconduct pending against him. *See* Va. Sup.Ct. R. Pt. 6, § IV, Para. 13 I. Our order in BDN 206–95 (appeal No. 95–BG–624) suspended respondent based on an order of the United States District Court for the District of Columbia disbarring respondent on the basis of the Virginia Board order. Because respondent's conduct is adequately dealt with in BDN 15–95, the Board recommends, and we agree, the BDN 206–95 should be dismissed.

imposed by this court. *See In re Diday,* 631 A.2d 901 (D.C.1993); *In re Moorcones,* 619 A.2d 983 (D.C.1993). Respondent's license to practice law shall be revoked in BDN 15–95 (appeal No. 95–BG–42) to correspond with the revocation of his license by the Commonwealth of Virginia, with leave to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years pursuant to D.C. Bar R. XI, § 16, whichever of these events occurs earlier. It is

FURTHER ORDERED that case number BDN 206–95 (appeal No. 95–BG–624) is dismissed. It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C. Bar R. XI, § 14(g) relating to suspended and disbarred attorneys and to the provisions of § 16(c) dealing with the time of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

## ATTACHMENT

### *REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent has been a member of the Bars of the District of Columbia and the Commonwealth of Virginia. On November 9, 1994, Respondent petitioned the Virginia State Bar Disciplinary Board ("the Virginia Board") to surrender his license to practice law in that state. The Virginia Board accepted Respondent's petition on November 15, 1994 and struck his name from the roll of attorneys of the Commonwealth.

On February 9, 1995, the District of Columbia Court of Appeals entered an order in BDN 15–95, suspending Respondent pursuant to D.C. Bar Rule XI, § 11(d) ("Rule XI") and directing the Board to recommend whether reciprocal discipline should be imposed.

On May 8, 1995, the United States District Court for the District of Columbia filed an order disbarring Respondent on the basis of the Virginia Board order. Subsequently, on June 2, 1995, the Court of Appeals entered an order in BDN 206–95, suspending Re-

spondent and directing the Board to determine whether reciprocal discipline should be imposed.

Both matters are now before the Board. Respondent has not participated in either of these proceedings; he has not complied with the requirements of Rule XI, § 14(g).

Based on the following analysis, the Board recommends that the Court revoke Respondent's license, with leave for Respondent to apply for reinstatement in the District of Columbia should he be reinstated in Virginia, or after the expiration of five years pursuant to D.C. Bar Rule XI, § 16, whichever occurs earlier.

### A. *Virginia Discipline*

Under Virginia law, an attorney who resigns from the Bar while charges are pending against him is deemed to have admitted those charges. Va. Sup.Ct. R. Pt. 6, § IV, Para. 13 I. *See In re Brickle,* 521 A.2d 271 (D.C.1987). Respondent's Petition to Surrender License ("Petition") acknowledges the pendency of disciplinary charges against Respondent; states that the Petition "shall be deemed an admission of all charges of misconduct pending against him before [the Virginia State Bar Disciplinary] Board, or a District Committee, or a Court"; and represents that Respondent has no evidence to offer in his own behalf and could not successfully defend himself. Incorporated by reference in the Petition is the Determination of the Fourth District Committee ("Determination") of the Virginia State Bar. According to the Findings of Fact in the Determination, Respondent took title to certain real estate in Virginia in September 1991, and thereafter encumbered the property with second, third, and fourth deeds of trust. By June 1992, he had defaulted on the payments on all three of these deeds of trust. The note holder for the third deed of trust initiated foreclosure proceedings between July 1992 and November 6, 1992, and on November 6, 1992, a trustee's deed was executed on the property.

During this latter time period, Respondent met with Mrs. Crystal Okoye and agreed to use this property for a property bond which would enable Mrs. Okoye's husband, Law-

rence Okoye, to be released from jail where he was being held pending trial on criminal charges. Mr. Okoye was represented in that matter by another attorney, Andrew Lee, Esquire.

Mrs. Okoye paid Respondent $10,000 on or about November 10, 1992, in exchange for the proposed use of the property as collateral. Respondent did not inform her that he no longer held title to the property due to the foreclosure. The bond for Mr. Okoye was denied on January 8, 1993, and Respondent thereafter refused to refund the $10,000 upon request of Mrs. Okoye.

The District Committee found that Respondent had violated several of the Disciplinary Rules of the Virginia Code of Professional Responsibility: DR 1–102 (Misconduct); DR 5–103 (Avoiding Acquisition of Interest in Litigation); DR 5–104 (Limiting Business Relations with a Client); and DR 9–102(B) (Preserving Identity of Funds and Property of a Client [or Another]).[2] The Determination was filed with the Virginia State Bar and mailed to Respondent on October 12, 1993. He subsequently filed the Petition on November 9, 1994.

In addition to the Okoye matter which was the subject of the Determination, the Virginia State Bar Counsel submitted a letter to the State Bar on November 15, 1994, enumerating five other complaints pending against Respondent:

(1) No. 93–041–1068 Ify Ogbonnah Complaint—Allegations of neglect, failure to return client files and unearned legal fees.

(2) No. 94–041–0413 Michael Sakyi Complaint—Allegation that check drawn on Respondent's escrow account for client proceeds of personal injury claim was returned for insufficient funds.

(3) No. 94–041–0813 Isatu Bangura Complaint—Allegation that Respondent failed to pay medical bills, issued checks drawn on insufficient funds and refused to pay complainant the full amount due on personal injury settlement.

(4) No. 94–041–1885 Negib Abadir Complaint—Allegations that Respondent failed to appear in court on retained matter and that Respondent's check for refund of the $500 retainer was returned for insufficient funds.

(5) 94–041–2213 Dr. Michael Redlich Complaint—Allegations that Respondent failed to pay physician for medical services provided to Respondent's clients.

According to Respondent's Petition and under Virginia law, all of these matters are deemed admitted by his resignation from the Bar.

### B. *Bar Counsel's Position*

Bar Counsel here filed a Statement of Bar Counsel in BDN–15–95 supporting the "imposition of discipline identical to that imposed by the Supreme Court of Virginia." (Statement at 1). In that same pleading, Bar Counsel stated that "disbarment is the appropriate reciprocal discipline." (*Id.* at 6). Bar Counsel argues that the conduct with which Respondent "was charged and is deemed to have admitted includes, *inter alia*, misappropriation (D.C. Rule 1.15), serious dishonesty and criminal conduct (Rules 8.4(b) & (c)), and neglect (Rules 1.1 and 1.3)." (*Id.*).

In BDN 206–95, Bar Counsel filed a letter with the Executive Attorney of the Board attaching his brief in BDN 15–95, suggesting that the two matters be consolidated and recommending "that reciprocal discipline be imposed on Respondent."

While there is some ambiguity in the pleadings, it appears that Bar Counsel is recommending disbarment, rather than a revocation of license. As discussed below, the Board does not agree with this recommendation.

### C. *Discussion*

Under Rule XI, § 11(c), "[r]eciprocal discipline shall be imposed unless the attorney

---

**2.** With minor word variations, these are essentially identical to the disciplinary rules in this jurisdiction. Insubstantial differences in the language of disciplinary rules has been held to be of no import in the context of reciprocal discipline proceedings. *See In re Reiner,* 561 A.2d 479, 482 (D.C.1989).

demonstrates, by clear and convincing evidence," that the case falls within one or more of five specifically enumerated exceptions. The Court has held that this rule creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992).

The Court has been faced with the question of the appropriateness of imposing reciprocal discipline in circumstances involving the Virginia resignation and revocation of license procedure. In *In Re Brickle,* 521 A.2d 271 (D.C.1987), a case involving misappropriation of client funds, the attorney resigned under the same Virginia rule utilized by Respondent. The Court held that the Virginia indefinite suspension under this rule "is substantially less severe than disbarment, which precludes reinstatement for a period of five years." *Id.* at 273. The Court remanded the case to the Board for a *de novo* hearing "since the discipline normally warranted upon proof of the misconduct alleged against respondent, i.e., disbarment, constitutes a substantially different discipline from that imposed in Virginia." *Id.* Unlike this case, in *Brickle* the record included a detailed affidavit filed by the respondent admitting to misappropriation of estate funds.

In *Zilberberg, supra,* the Court was presented with the issue of whether reciprocal discipline or a greater sanction should be imposed when there is a limited record from the original disciplining jurisdiction. The Virginia record in *Zilberberg* showed that the attorney had commingled client funds with personal funds and had belatedly given his client a check, which was dishonored for insufficient funds, for her share of settlement proceeds. The Court found that the record was not sufficient to justify a greater sanction of disbarment under *In re Addams,* 579 A.2d 190 (D.C.1990)(en banc).

In two subsequent cases involving the Virginia resignation procedure as well as allegations of misappropriation, the Court imposed a sanction of revocation as reciprocal discipline rather than disbarment based on the recommendations of Bar Counsel and the Board that the record in each case did not clearly establish intentional misappropriation. In *In re Moorcones,* 619 A.2d 983 (D.C.1993), the Board recommended and the Court adopted a sanction of revocation of the attorney's license with leave for him to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years, whichever of these events occurred earlier.

The Court imposed the same sanction in *In re Diday,* 631 A.2d 901 (D.C.1993), under nearly identical circumstances where the Virginia revocation was based on the attorney's misappropriation of client funds, neglect of client matters and failure to communicate with clients. The Board and Bar Counsel agreed that while the behavior was serious misconduct, it was not shown clearly enough to include intentional misappropriation.

In the present case, Bar Counsel simply asserts that disbarment is within the range of sanctions for misappropriation. Bar Counsel does not recite any evidence of intentional misappropriation and the record, consisting of the Virginia Order, Respondent's Petition, the District Committee Determination, and Virginia Bar Counsel's summary of charges does not clearly state such evidence.

While the record shows a pattern of serious misconduct, which is deemed admitted, the Board is unable to state with the requisite degree of certainty that there was an intentional misappropriation of funds requiring disbarment under *In re Addams, supra.* Under these circumstances, the Board feels compelled to follow the sanction of revocation imposed in *Moorcones* and *Diday,* rather than disbarment.

The evidence with respect to the charge of misappropriation is ambiguous. Three of the complaints (Banqura, Sakyi and Abadir) involved allegations of checks being returned for insufficient funds. In addition, in the Okoye matter, it is not clear that failure of Respondent to pay back the $10,000, while reprehensible misconduct, was "misappropriation" within the meaning of the disciplinary rules. The Findings of Fact in the Determination are unclear as to the exact relationship of Respondent to Mrs. Okoye and her

husband. It appears that neither were clients of Respondent; Mr. Okoye was represented in the criminal matter by Andrew Lee and there is nothing in the record to suggest that Respondent and Mr. Lee were in practice together. In addition, the Virginia Bar Counsel's letter summarizing the complaints against Respondent for the purpose of creating a record of what is deemed admitted by the attorney's resignation, describes the complaint of Crystal Okoye thusly:

> This complaint involves receiving funds under false pretenses. A copy of the District Committee Determination is attached to the Petition to Surrender.

(Statement of Bar Counsel, Exhibit B).

Significantly, neither the Virginia Bar Counsel nor the District Court Determination label the misconduct as "misappropriation," much less "intentional misappropriation." We further note that the Virginia Rule of Professional Conduct (DR 9–102(B)) which the District Committee found Respondent had violated applies to funds of clients as well as third parties. Rule 1.15, the corresponding rule in the District of Columbia, applies where the lawyer is acting "in connection with a representation."[3] In the absence of adequate information concerning the relationship between Respondent and the Okoyes, the Board is unable to determine whether the misconduct engaged in by the Respondent constitutes misappropriation within the meaning of our disciplinary rules.

Based on the record before us, the Board concludes that reciprocal discipline of revocation of Respondent's license should be imposed in this jurisdiction. In light of this recommendation, the Board further recommends that BDN 206–95 be dismissed.[4]

*CONCLUSION*

The Board recommends that Respondent's license to practice law be revoked in BDN 15–95 to correspond with the revocation of his license by the Commonwealth of Virginia, with leave to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years pursuant to D.C. Bar Rule XI, § 16, whichever of these events occurs earlier. The time of the revocation should be deemed to run from the filing of an affidavit pursuant to Rule XI, § 14(g).

BOARD ON PROFESSIONAL
RESPONSIBILITY
By:

_____
Karen Kay Christensen
Vice Chair

Dated:_____

All members of the Board concur in this Report and Recommendation except Mr. Howard, Mr. Rezneck and Ms. Zumas, who did not participate.

---

**3.** Rule 1.15(a) states, "A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property." The rule also requires that records of escrow funds and other property "be preserved for a period of five years after termination of the representation."

> Comment 5 to the Rule notes:
> The obligations of a lawyer under this Rule are independent of those arising from activity oth-

er than rendering legal services. For example, a lawyer who serves as an escrow agent is governed by the applicable law relating to fiduciaries even though the lawyer does not render legal services in the transaction.

**4.** The Board's recommendation is based on the discipline imposed in Virginia, the original disciplining jurisdiction, and not upon the District Court's order of disbarment, which is based on the Virginia discipline.