**In re Robert J. SHERIDAN, Respondent.**

**No. 94–BG–1279.**

District of Columbia Court of Appeals.

Argued May 23, 1996.

Decided July 25, 1996.

Robert J. Sheridan, pro se.

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before WAGNER, Chief Judge, and TERRY, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Respondent Robert J. Sheridan is an attorney who was admitted to the bars of Virginia and the District of Columbia. After the Virginia State Bar Disciplinary Board (the "Virginia Board") revoked his license, the District of Columbia Board on Professional Responsibility (the "Board") entered a Report and Recommendation in which it recommended that this court impose reciprocal discipline by revoking respondent's license to practice law in the District of Columbia, with leave to apply for reinstatement after reinstatement in Virginia is granted, or after the expiration of five years, whichever of these events occurs earlier. We accept the Board's recommendation.

■ On March 17, 1994, respondent petitioned the Virginia Board for leave to surrender his license to practice law in the face of allegations of misconduct, but prior to the institution of formal charges. The alleged misconduct involved concerns that respondent might give legal advice to business opponents of former clients, that he improperly used confidential information obtained from former clients, that he used litigation to harass former clients, and that he pursued discovery through deceitful means. The Virginia Board accepted his resignation and revoked his license to practice law in Virginia. A certified copy of the Virginia order was filed with this court, and we referred the matter to the Board to recommend appropriate action. This court further ordered respondent to show cause before the Board why identical, greater or lesser discipline should not be imposed in the District of Columbia. Respondent did not respond to this show cause order, and the Board recommended the imposition of identical discipline. Bar Counsel supports this recommendation.

■ We have noted that under Virginia law, "an attorney who resigns from the Bar while charges are pending against him is deemed to have admitted those charges." *In re Brickle,* 521 A.2d 271, 272 (D.C.1987) (citing Va.Sup.Ct.R. Pt. 6, § IV, p 13 H). We have treated resignation while under investigation for misconduct as a basis for imposing reciprocal discipline in the District of Columbia. *See id.* at 272–73; *see also In re Reiner,* 617 A.2d 984 (D.C.1992). According to D.C. Bar R. XI, § 11(c), reciprocal discipline is to be imposed unless the attorney demonstrates, by clear and convincing evidence, that one of the following five conditions existed:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

Respondent failed to show cause before the Board that any of these conditions applied. We have held that a failure to respond to a show cause order in these circumstances is an effective default on the issue of whether such cause existed. *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995); *In re Aldridge,* 664 A.2d 354, 355 (D.C.1995). The Board recommended reciprocal discipline based on this default, and we agree with its conclusion.

■ In terms of the proper sanction, we note that we are required to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). We have held that "[a]lthough our rules regarding disciplinary sanctions do not include the sanction of revocation, when we are imposing reciprocal discipline, this court is required to impose discipline identical to that imposed by the other disciplining state." *Brickle, supra,* 521 A.2d at 273. Therefore, we accept the Board's recommended sanction. *See In re Moorcones,* 619 A.2d 983, 983–84 (D.C.1993). Accordingly, it is

ORDERED that respondent's license to practice law in the District of Columbia is revoked with leave to apply for reinstatement after reinstatement in Virginia is granted, or after the expiration of five years, whichever of these events occurs earlier. Respondent's attention is specifically directed to D.C. Bar Rule XI, § 14(g).

*So ordered.*