**In re William J. POWELL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1520.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 1996.

Decided Dec. 12, 1996.

Before WAGNER, Chief Judge, and REID, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that William J. Powell's license to practice law in the District of Columbia be revoked based on his misconduct in handling a client's estate. We adopt the recommendation of the Board. *See* D.C. Bar R. XI, § 9(g)(1) (1996) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

The Virginia State Bar Disciplinary Board issued an order effective September 22, 1995, revoking the license of the respondent because of his violation of the following Virginia disciplinary rules: DR 1–102(A)(3) relating to crimes or other deliberately wrongful acts; DR 1–102(A)(4) concerning conduct that involves dishonesty, fraud, deceit or misrepresentation; DR 2–105(A) requiring a lawyer's fees to be reasonable and adequately explained to the client; DR 5–101(A) containing a prohibition on accepting representation without full and adequate disclosure and client consent "if the exercise of . . . professional judgment on behalf of [the] client may be affected by [the lawyer's] own financial, business, property, or personal interests;" DR 5–104(A) pertaining to business transactions with a client; DR 5–104(B) regarding testamentary gifts from clients; DR 6–101(A)(1) and (2) requiring a lawyer to undertake representation only in those matters in which he or she is competent; or in which he or she has associated with another competent lawyer; DR 6–101(B) mandating prompt attention to client matters; and DR 9–102(B)(3) relating to maintaining records of all funds, securities and other properties of a

client which come into a lawyer's possession.[1] The Virginia Board concluded that the respondent engaged in misconduct during his representation of an 83 year-old mentally and emotionally impaired man whose assets amounted to $1.7 million when the respondent undertook his representation.

On November 16, 1995, pursuant to D.C. Bar R. XI, § 11(d), this court suspended the respondent from the practice of law in the District of Columbia pending the final disposition of disciplinary proceedings in this jurisdiction. In addition, this court directed the Board on Professional Responsibility to recommend "whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board, instead, elects to proceed *de novo* pursuant to Rule XI, § 11." The Board elected to impose reciprocal discipline under Rule XI, § 11(c).

District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case. In a letter dated November 1, 1995, the Board duly informed the respondent of his "opportunity to respond to Bar Counsel's statement as to whether reciprocal discipline should be imposed." The respondent did not appear, or make any effort to show why reciprocal discipline should not be imposed.

Because the factual findings against the respondent could have suggested an intentional misappropriation of client funds, which requires the sanction of disbarment instead of revocation, the Board considered whether identical discipline was warranted. It decided, however, that the Virginia Board's findings were not sufficiently clear on the issue of intent and the client's consent or capacity to consent to warrant a finding of intentional misappropriation. We agree. In this jurisdiction, disciplinary sanctions do not include the sanction of revocation. *In re Brickle*, 521 A.2d 271, 273 (D.C.1987). However, in *Brickle*, we held that revocation of a license to practice law in Virginia "is analogous to suspending the respondent for an indefinite period and requiring him to demonstrate fitness before being reinstated." Moreover, we have previously concluded that suspension with a fitness requirement is appropriate for fraud and deceit cases and for misconduct involving retention of client funds and inadequate disclosure of conflict of interest. *See In re Jones*, 599 A.2d 1145, 1148–49 (D.C. 1991); *In re James*, 452 A.2d 163, 170 (D.C. 1982). Furthermore, in *In re Moorcones*, 619 A.2d 983 (D.C.1993), we accepted the Board's recommended sanction "that respondent's license to practice law be revoked to correspond with the revocation of his license by the state of Virginia, with leave for respondent to apply for reinstatement in the District of Columbia should he be reinstated by Virginia, or after the expiration of five years pursuant to D.C. Bar Rule XI, § 16, whichever of these events occurs earlier."[2] *Id.* at 983, 984. The same sanction has been recommended here.

Accordingly, we hold that the license of the respondent William J. Powell to practice law in the District of Columbia is revoked on a reciprocal basis, forthwith, with leave to apply for reinstatement in the District of Columbia after reinstatement in Virginia is granted, or after the expiration of five (5) years, whichever occurs earlier. Copies of

---

1. Although he was also charged under Virginia disciplinary rules DR 9–102(A)(1) and DR 9–102(B)(1) and (2) concerning the preservation and identity of the funds and property belonging to a client, Virginia determined that there was not clear and convincing evidence to show a violation of these rules.

2. In *Moorcones*, this court revoked the respondent's license *"nunc pro tunc* to ... his date of suspension by this court." 619 A.2d at 984. In *In re Diday*, 631 A.2d 901 (D.C.1993), we also adopted the Board's recommendation of the same sanction in a Virginia case involving "respondent's misappropriation of client funds, neglect of client matters, and failure to communicate with clients." *Id.* Our order there revoked the respondent's license "as of the date of [our] order." *Id.* at 902.

the order of suspension giving the respondent notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of suspended attorneys, will be transmitted to the Chairman of the Board on Professional Responsibility, and to the respondent.[3]

*So ordered.*

---

**3.** The respondent did not comply with the provisions of D.C. Bar R. XI, § 14 at the time of his original suspension by this court on November 16, 1995, and is therefore ineligible for *nunc pro tunc* consideration. D.C. Bar R. XI, § 16(f); *In re Diday, supra,* 631 A.2d at 902 n. 1.