**In re William J. DEAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–196.**

District of Columbia Court of Appeals.

Submitted Dec. 16, 1997.
Decided Jan. 8, 1998.

Before WAGNER, Chief Judge, and STEADMAN and RUIZ, Associate Judges.

PER CURIAM:

█ While facing serious disciplinary charges in Virginia, respondent filed a peti-

tion with the Virginia State Bar Disciplinary Board, requesting leave to surrender his license to practice law. On December 10, 1996, that board entered an order revoking respondent's license.

Such action constitutes "discipline" upon which reciprocal discipline in the District of Columbia may be based. *In re Sheridan*, 680 A.2d 439, 440 (D.C.1996); *see also In re Richardson*, 692 A.2d 427, 431–32 (D.C.1997). Accordingly, on March 3, 1997, we entered an interim suspension order. Before us now is the Report and Recommendation of the Board on Professional Responsibility that reciprocal discipline be imposed on respondent pursuant to D.C. Bar R. XI, § 11.[1] Neither Bar Counsel nor respondent has taken exception to the recommendation of the Board, which we adopt. On March 5, 1997, respondent filed an affidavit which, among other things, met the requirements of D.C. Bar R. XI, § 14(g) and *In re Goldberg*, 460 A.2d 982 (D.C.1983), and hence is eligible for nunc pro tunc treatment. *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).

Accordingly, it is

ORDERED that respondent William J. Dean's license to practice law in the District of Columbia is suspended nunc pro tunc to March 5, 1997, with leave to apply for reinstatement pursuant to D.C. Bar R. XI, § 16(d) when he is reinstated to practice in Virginia or after a period of five years from March 5, 1997, whichever first occurs.

---

**[1.]** Respondent admitted to the Board that he had violated the Virginia disciplinary rules that formed the bases for the charges pending against him at the time of his resignation; *viz.*, violations of Virginia DR 1–102(A)(3) (illegal conduct), DR 1–102(A)(4) (dishonesty, fraud, deceit, or misrepresentation), DR 6–101(B) (neglect), DR 6–101(C) (failure to keep client informed), DR 7–101(A)(1) (failure to seek the lawful objectives of the client), DR 7–101(A)(2) (failure to carry out contract of employment), DR 7–101(A)(3) (causing prejudice or damage to client), DR 9–103(A) (failure to maintain books and records regarding entrusted funds), and DR 9–103(B) (commingling client's funds with lawyer's funds).

---

Bar Counsel asserted before the Board that the foregoing Virginia disciplinary rules were similar, if not identical, to corresponding District of Columbia disciplinary rules, with the exception of the commingling and record-keeping violations, which related solely to fee and cost advances. While these are treated as entrusted funds in Virginia, the District of Columbia rule provides that such advances "become the property of the lawyer upon receipt." D.C. RULES OF PROFESSIONAL CONDUCT Rule 1.15(d) (1997). Bar Counsel further asserted that, apart from that exception, none of the limitations on the imposition of reciprocal discipline in D.C. Bar R. XI, § 11(c) were applicable. The Board did not take issue with this analysis.