**In re Jose A. RIVERA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 98–BG–336.

District of Columbia Court of Appeals.

Submitted March 16, 1999.

Decided April 1, 1999.

Before RUIZ and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Respondent, Jose A. Rivera, was admitted to the State Bar of New York and the Bar of the District of Columbia. On September 16, 1991, the Supreme Court of the State of New York, Appellate Division, disbarred respondent, "sustaining 22 charges of professional misconduct." The charges ranged "from simple and gross neglect, to taking and then abandoning manifestly meritless matters, to dipping into escrow funds entrusted to him, to falsely assuring clients that their cases were pending long after they had been dismissed for his default, to pressuring a client who he knew to be depressed and under a doctor's care to lend him a large sum on a non-negotiable promissory note prepared by

him ... and defaulting on the note after a few payments leaving a still unpaid balance, to commingling clients and personal moneys, to outright conversion."

Respondent did not report the disbarment to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of respondent's disbarment in February 1998 from the New York disciplinary counsel, Bar Counsel filed with this court a certified copy of the New York disciplinary order. This court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board of Professional Responsibility ("Board"), "to determine whether reciprocal discipline should be imposed."

The Board has recommended disbarment as reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation.[1] Respondent has not filed any opposition to the Board's report and recommendation. We accept the Board's recommendation. *See In re Powell,* 686 A.2d 247, 248 (D.C.1996) ("District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case."); D.C. Bar R. XI, § 9(g)(2) (1988) ("When no exceptions are filed ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Jose A. Rivera is disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement to the Bar, respondent's disbarment shall commence on the date he files a sufficient affidavit pursuant to D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. The Board and Bar Counsel agree that respondent's misconduct in this case "ranks with the most serious violations in the history of the District of Columbia disciplinary system."