**In re Arthur H. KROLL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–228.**

District of Columbia Court of Appeals.

Submitted Oct. 12, 1999.

Decided Nov. 12, 1999.

Before STEADMAN, RUIZ and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent, Arthur H. Kroll, was admitted to the State Bar of New York and the Bar of the District of Columbia. On July 20, 1995, the Supreme Court of the State of New York, Appellate Division disbarred respondent, "having found and determined that . . . respondent engaged in a pattern of dishonesty and fraud over an extended period of time, that his actions were intentional, and that he falsely testified at a sworn deposition and at [a] hearing in order to cover up his wrong doing." The charges arose from Kroll's falsification of expense reports and concomitant misappropriation of client and firm monies.

After learning of respondent's disbarment, Bar Counsel filed with this court a certified copy of the New York disciplinary order. On February 26, 1998, this court temporarily suspended respondent pursuant to D.C. Bar R. XI § 11(d). This Court also directed respondent to show cause why reciprocal discipline should not be imposed and ordered "the Board on Professional Responsibility . . . to recommend . . . whether identical, greater or lesser discipline should be imposed as reciprocal

discipline, or whether the Board instead elects to proceed *de novo.*"

The Board has recommended disbarment as reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has failed to file any opposition to the Board's report and recommendation. We accept the Board's recommendation. *See In re Powell,* 686 A.2d 247, 248 (D.C.1996)("District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case."); D.C.Bar. R. XI § 11(f) (1988)("When no opposition to the recommendation of the Board has been timely filed ... the Court will enter an order imposing the discipline recommended by the Board upon expiration of the time permitted for filing exceptions.") Accordingly, it is

ORDERED that Arthur H. Kroll is disbarred from the practice of law in the District of Columbia *nunc pro tunc* to June 17, 1999, the date on which he filed an affidavit in compliance with D.C. Bar R. XI, § 14(g).

*So ordered.*