In re Thomas E. BARLOW,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

Nos. 98–BG–230, 99–BG–478.

District of Columbia Court of Appeals.

Submitted March 14, 2000.
Decided March 30, 2000.

Before SCHWELB, RUIZ and REID,
Associate Judges.

PER CURIAM:

Respondent, Thomas E. Barlow, was admitted to the State Bar of Texas and the Bar of the District of Columbia. On December 7, 1998, the Supreme Court of Texas accepted the respondent's resignation from the practice of law based upon "the detailed statement of professional misconduct contained within the Response of [the] Chief Disciplinary Counsel." At the time of his resignation, respondent had seven serious disciplinary actions pending against him by the Texas Commission for Lawyer Discipline.

The pending disciplinary actions alleged, *inter alia*, that respondent: "obtained [ ] $250,000.00 under false pretenses ... [and] misappropriated the $250,000.00 for his own use and benefit"; "received [two] subpoena['s] which directed him to appear before the grievance committee of the State Bar of Texas ... and failed to appear in accordance with the requirements of the subpoena['s]"; "filed pleadings and motions on his client's behalf during [a] period of suspension"; "failed to file suit on [client's] behalf in Louisiana prior to Louisiana's relevant one (1) year statute of limitations lapsing"; "failed to obtain service of process on [a] defendant ... [and]" "failed to notify [client] of the dismissal ... for want of prosecution"; and used "investment monies [that] were to be held in [his] trust account ... for [his] own use and benefit."

Following his resignation, on January 26, 1999, respondent was sentenced in the United States District Court for the Southern District of Texas to a sixty-three month term of imprisonment for his March 30, 1998 conviction of money laundering, in violation of 18 U.S.C. § 1958(a)(1)(B)(i). "Defendant admitted that the transaction involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of the unlawful activity." The respondent was also ordered to pay a criminal monetary penalty in the amount of $15,050.00.

After learning of respondent's resignation and conviction, Bar Counsel filed with this court a certified copy of an order of the Supreme Court of Texas accepting respondent's resignation from practice, and a certified copy of commitment pursuant to his conviction. This court suspended re-

spondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"), "to institute a formal proceeding for determination of the nature of the final discipline to be imposed, and specifically to review the elements of the offense for the purpose of determining whether or not the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a)." [1]

. The Board has recommended disbarment as reciprocal discipline. *See In re Day,* 717 A.2d 883, 886 (D.C.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 2341, 144 L.Ed.2d 238 (1999). Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. *See In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995). We accept the Board's recommendation. *See In re Powell,* 686 A.2d 247, 248 (D.C. 1996) ("District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case."); D.C. Bar R. XI, § 9(g)(2) (1988) ("When no exceptions are filed ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Thomas E. Barlow is disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement to the Bar, respondent's disbarment shall commence on the date he files a sufficient affidavit pursuant to D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. Due to the companion reciprocal proceeding of respondent's resignation, this court need not address the moral turpitude question in resolving this matter.