### In re G. Robert PATTERSON, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 98–BG–1094.

District of Columbia Court of Appeals.

Submitted March 28, 2000.
Decided April 13, 2000.

Before FARRELL and GLICKMAN, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On February 27, 1998, the Supreme Court of New Jersey disbarred respondent based on multiple acts of misconduct involving neglect of his clients, dishonesty and conduct prejudicial to the administration of justice.

On August 13, 1998, after Bar Counsel reported the disbarment to this court, we temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d). This court also directed respondent to show cause before the Board on Professional Responsibility ("Board") why reciprocal discipline should not be imposed and directed the Board "to recommend promptly thereafter to this Court whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board instead elects to proceed *de novo*" pursuant to D.C. Bar R. XI, § 11.

The Board has recommended disbarment as reciprocal discipline in a July 12, 1999, report. Bar Counsel takes no excep-

tion to the Board's recommendation, and respondent has not filed any opposition. We accept the Board's recommendation. *See In re Powell*, 686 A.2d 247, 248 (D.C. 1996), which found that "District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case"; *see also* D.C. Bar R. XI, § 11(f) (1988), which states that "[w]hen no opposition to the recommendation of the Board has been timely filed ... the Court will enter an order imposing the discipline recommendation by the Board upon expiration of the time permitted for filing exceptions." Accordingly, it is

ORDERED that G. Robert Patterson be disbarred from the practice of law in the District of Columbia, commencing on the date on which respondent files an affidavit demonstrating compliance with D.C. Bar R. XI, § 14(g). Until respondent files that affidavit, his temporary suspension remains in effect.

*So ordered.*