**In re Frank A.K. AWUAH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–736.**

District of Columbia Court of Appeals.

Submitted June 13, 2000.

Decided June 29, 2000.

---

Before STEADMAN and REID, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

On July 29, 1997, the Court of Appeals of Maryland suspended respondent Frank A.K. Awuah indefinitely, with the right to apply for reinstatement after sixty (60) days,[1] due to his "fail[ure] to maintain a trust account as required by Maryland Rule BU3, and ... 'comming[ling] client funds with those of his own and ... [for] fail[ing] to keep proper records regarding the handling of those monies....'" *See In re Berger,* 737 A.2d 1033, 1038 (D.C. 1999) (quoting *Attorney Grievance Comm'n v. Awuah,* 346 Md. 420, 697 A.2d 446, 452 (1997) (*"Awuah I"*)). This court imposed reciprocal discipline, and suspended Awuah from the practice of law in the District for sixty (60) days "with the requirement that [he] ... prove ... fitness to return to the practice of law upon the completion of ... suspension[ ]." *Id.* at 1046.

Subsequently, Awuah was charged with and admitted to violating several of the Maryland Rules of Professional Conduct, including: Rule 1.1, failure to act competently; Rule 1.4, failure to keep his clients informed about the status of their case and to properly explain matters; and Rule 1.5, failure to communicate in writing or verbally his contingency fee.[2] On February 12, 1999, the Maryland Court of Appeals extended Awuah's indefinite suspension order imposed in *Awuah I, supra,* for an additional thirty (30) days "from the date of this [second] order." This court temporarily suspended Awuah pursuant to D.C.

Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"), to determine whether reciprocal discipline or some other sanction should be imposed.

The Board has recommended, as reciprocal discipline, that Awuah's suspension be extended for an additional thirty (30) days. Bar Counsel takes no exception to the Board's report and recommendation. Awuah has not filed any opposition to the Board's report and recommendation. We accept the Board's recommendation. *See In re Powell,* 686 A.2d 247, 248 (D.C.1996) ("District of Columbia Bar Rule XI, § 11(c) requires that reciprocal discipline be imposed in this jurisdiction unless the respondent can demonstrate, by clear and convincing evidence, that one of the exceptions set forth in the rule applies to his case."); D.C. Bar R. XI, § 9(g)(2) (1988) ("When no exceptions are filed ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."). *See also* D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Frank A.K. Awuah is suspended from the practice of law in the District of Columbia for an additional thirty (30) days with a requirement to show fitness prior to reinstatement. This additional thirty (30) day suspension is added to his sixty (60) day suspension with fitness, ordered in *Awuah I,* effective immediately. Thus, he is eligible to apply for reinstatement after 90 days from the date on which he files an affidavit complying with the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. Awuah's reinstatement was also conditioned upon his paying all costs in this matter and upon the monitoring of the financial management of his office by a monitor approved by Bar Counsel and the Maryland Court of Appeals.

2. Awuah was also charged with violating Rule 8.1, failure to respond to Maryland Bar Counsel's demands for information.