**In re Brian P. HANCHEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–267.**

District of Columbia Court of Appeals.

Submitted Oct. 10, 2000.

Decided Nov. 2, 2000.

Before STEADMAN and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Before us is a reciprocal discipline case. The Virginia State Bar Disciplinary Board accepted respondent's resignation and revoked his license to practice law in that state.[1] Subsequently, this court entered an order temporarily suspending respondent and directing the Board on Professional Responsibility to recommend whether reciprocal discipline should be imposed.

The Board has submitted a report and recommendation that respondent be disbarred in the District of Columbia, pursuant to D.C. Bar R. XI, § 11(c)(4).[2] We have previously noted the distinction between revocation of a license, analogous to an indefinite suspension but permitting a petition for reinstatement at any time, and disbarment, with its mandatory five-year minimum term. *In re Brickle,* 521 A.2d 271, 273 (D.C.1987). Our usual deferential standard to Board recommendations "becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve both] failed to contest the proposed sanction." *In re Hitselberger,* 761 A.2d 27, 27–28 (D.C.2000) (citations omitted). We have examined the entire record, *see In·re Sheridan,* 680 A.2d 439, 440 (D.C.1996), and adopt the Board's recommendation. Accordingly, it is

ORDERED that respondent is disbarred from the practice of law in the District of Columbia effective forthwith. Respondent's attention is drawn to the provisions of D.C. Bar R. XI, §§ 14 and 16(c) dealing with the requirements imposed upon disbarred attorneys and their effect on the time period for a petition of reinstatement.

**1.** Under the Virginia rules, information underlying this proceeding is confidential and was transmitted to Bar Counsel subject to that condition. *Cf.* D.C. Bar R. XI, § 12(c) (Disbarment by Consent).

**2.** That subsection permits a departure from the norm of identical reciprocal discipline where the foreign conduct "warrants substantially different discipline in the District of Columbia."