**In re John T. PHILLIPS, II, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1208.**

District of Columbia Court of Appeals.

Submitted Jan. 3, 2001.

Decided Jan. 25, 2001.

**48**

Before WAGNER, Chief Judge, and KERN and MACK, Senior Judges.

PER CURIAM:

Respondent John T. Phillips, II is a member of the District of Columbia Bar and was a member of the Virginia State Bar. On August 11, 1999, the Virginia State Bar Disciplinary Board granted respondent's petition to surrender his license and revoked respondent's license to practice law in that jurisdiction. At the time he petitioned to surrender his license, respondent was facing disciplinary charges stemming from his actions as the executor of an estate. Specifically, the allegations were that respondent: (1) was dilatory in filing accountings despite court orders to do so during an eleven-year period; (2) failed to pay over and deliver the assets of the estate to the successor executor after being removed as executor; (3) failed to adequately marshal the assets of the estate; (4) commingled personal funds with funds in his trust account; (5) failed to maintain the required trust account records; and (6) did not follow the required trust accounting procedures.

■ Bar Counsel filed with this court a certified copy of the Virginia disciplinary order, and on September 17, 1999, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board concluded that the misconduct described constitutes misconduct in the District of Columbia in violation of Rule 1.1 (competence), Rule 1.3 (neglect), Rule 1.5 (commingling of funds and failure to maintain complete trust account records), Rule 3.4 (disobeying obligation under rules of a tribunal), and Rule 8.4(d) (conduct that seriously interferes with the administration of justice). In Virginia, an attorney who resigns from the Bar while charges are pending against him is deemed to have admitted those charges. *In re Brickle*, 521 A.2d 271, 272 (D.C.1987) (citing Va. Sup.Ct. R. Pt. 6, § IV, ¶ 13H). The Board has recommended that we impose identical reciprocal discipline by revoking respondent's license with leave to apply for reinstatement if reinstatement is granted in Virginia, or after five years, whichever occurs first. Neither Bar Counsel nor respondent has filed an exception to the Board's report and recommendation.

■ We have previously determined that the revocation recommended by the Board is an appropriate sanction in a case such as this. *In re Sheridan*, 680 A.2d 439 (D.C.1996). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992). Accordingly, it is

ORDERED that the license of John T. Phillips, II, to practice law in the District of Columbia be and hereby is revoked. Respondent can apply for reinstatement if and when he is reinstated in Virginia, or after five years, whichever occurs first. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the requirements of that rule and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*