**In re Bryant A. WEBB, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–645.**

District of Columbia Court of Appeals.

Submitted Jan. 2, 2001.

Decided Feb. 8, 2001.

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

In this reciprocal discipline case, the Board on Professional Responsibility ("Board") recommends that respondent Bryant A. Webb's license to practice law in the District of Columbia be revoked, with leave to apply for reinstatement in the District of Columbia following reinstatement in Virginia or after five years, whichever occurs first. On September 11, 1998, the Virginia State Bar Disciplinary Board ("Virginia Board") accepted respondent's petition requesting leave to surrender his license to practice law in Virginia, thereby revoking his law license. Respondent was charged with, *inter alia,* failure to properly communicate with a client, failure to provide competent representation, and failure to represent a client with zeal and diligence. Following the Virginia Board's action, we entered an order on May 25, 1999, suspending respondent from the practice of law in the District of Columbia, pursuant to D.C. Bar R. XI, § 11(d), and directing the Board to determine whether reciprocal discipline should be imposed.

The Virginia discipline was reported to the United States Court of Appeals for the District of Columbia Circuit. On June 15, 1999, the D.C. Circuit issued an order disbarring respondent pursuant to its own internal rules. On July 9, 1999, we issued another order directing the Board to determine whether reciprocal discipline should be imposed as a result of the D.C. Circuit's order.

Both the Board and Bar Counsel concur that reciprocal discipline in this jurisdiction should be based on the discipline imposed in Virginia. *See In re Otchere,* 677 A.2d 1040, 1041 (D.C.1996) (per curiam) (imposing reciprocal discipline based on original conduct and discipline in Virginia and not on order of United States District Court disbarring respondent for same Virginia conduct). Under Virginia law, "an attorney who resigns from the Bar while charges are pending against him is deemed to have admitted those charges." *In re Brickle,* 521 A.2d 271, 272 (D.C.1987) (citing Va. Sup.Ct. R. Pt. 6, § IV, ¶ 13 H). "We have treated resignation while under investigation for misconduct as a basis for imposing reciprocal discipline in the District of Columbia." *In re Sheridan,* 680 A.2d 439, 440 (D.C.1996).

 In reciprocal discipline cases, there is a presumption in favor of imposing the same discipline in this jurisdiction as that of the original disciplining jurisdiction. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Where, as is the case here, neither respondent nor Bar Counsel has filed an exception to the Board's recommendation, our review is even more limited and deferential. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). "Although our rules regarding disciplinary sanctions do not include the sanction of revocation, when we are imposing reciprocal discipline, this court is required to impose discipline identical to that imposed by the other disciplining state." *In re Brickle, supra,* 521 A.2d at 273. For a respondent whose law license has been revoked in Virginia, the identical discipline in this jurisdiction can be revocation, with leave to reapply either after reinstatement in Virginia or after the expiration of five years. *See In re Dean* 704 A.2d 302, 303 (D.C.1998) (per curiam); *In re Sheridan, supra,* 680 A.2d at 440; *In re Otchere, supra,* 677 A.2d at 1041; *In re Diday,* 631 A.2d 901 (D.C.1993) (per curiam); *In re Moorcones,* 619 A.2d 983 (D.C.1993) (per curiam). Accordingly, we accept the recommendation of the Board. It is therefore

ORDERED that respondent's license to practice law in the District of Columbia be, and hereby is, revoked with leave to reapply following reinstatement in Virginia, or after the expiration of five years, whichever occurs first. Respondent's attention is drawn to the requirements of D.C. Bar R. XI, § 14 and their relationship to the timing of the right to reinstatement set forth in D.C. Bar R. XI, § 16(c).[1]

---

1. D.C. Bar R. XI, § 14(g) mandates, among other things, that a suspended or disbarred attorney file an affidavit with this court and the Board.