**In re Alan E. KOCZELA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 99–BG–1206.

District of Columbia Court of Appeals.

Submitted May 3, 2001.

Decided May 17, 2001.

Before STEADMAN, RUIZ, and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent Alan E. Koczela is a member of the bar of this court and the Virginia State Bar. On August 27, 1999, the Virginia State Bar Disciplinary Board revoked respondent's license to practice law after an expedited hearing at which it determined that respondent committed numerous ethical violations.[1]

The Board on Professional Responsibility ("Board") recommends that we revoke respondent's license as reciprocal discipline, and Bar Counsel takes no exception to that recommendation. For his part, respondent did not participate in the Virginia proceedings, did not file a response before the Board, and has not filed any opposition to the Board's report and recommendation. His failure to do so is treated as a concession that reciprocal discipline is warranted and that the Board's proposed sanction is appropriate. *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995).

Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Powell,* 686 A.2d 247 (D.C.1996) (imposing reciprocal revocation); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that the license of Alan E. Koczela to practice law in the District of Columbia be and hereby is revoked. Respondent can apply for reinstatement pursuant to D.C. Bar R. XI, § 16(d), if and when he is reinstated in Virginia, or after five years, whichever occurs first. As respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. Specifically, the Virginia Board found that respondent violated DR 1–102(A)(3) and (4) (lawyer shall not commit a crime or wrongful act that reflects adversely on his fitness to practice law or engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6–101(B) (duty to attend promptly to client matters), DR 6–101(C) (duty to keep client reasonably informed), DR 7–101(A)(1), (2), and (3) (lawyer shall not intentionally fail to seek client's lawful objectives, fail to carry out a contract of employment with client, or intentionally prejudice or damage client), DR 9–102(A) (duty to maintain identifiable client trust account), DR 9–102(B) (duty to promptly notify client of receipt of funds, place client funds in safekeeping, maintain adequate records of such funds, and promptly pay client or third party funds to which they are entitled), and DR 9–103(A) and (B) (duty to maintain client trust account books and records).