**In re Van Stuart POWERS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 89–BG–255.**

District of Columbia Court of Appeals.

Submitted Sept. 12, 1996.

Decided Nov. 7, 1996.

Before FERREN, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

This matter is before us following remand to the Board on Professional Responsibility for it to consider the issue of mitigation based on evidence of alcoholism under *In re Kersey,* 520 A.2d 321 (D.C.1987). The Board recommends that respondent be suspended for ninety days in the District of Columbia with a requirement of proof of fitness, but that the suspension be stayed and respondent be placed on unsupervised probation for one year on the condition that he abstain from alcohol.

The history of the case is protracted and procedurally somewhat complex. However, it is unnecessary for us to recite that history, because neither respondent nor Bar Counsel has filed exceptions to the Board's recommendation. *See* D.C. Bar R. XI, § 9(e) (1996). In particular, Bar Counsel does not contest the Board's statement that "[i]t is undisputed that Respondent is an alcoholic, that his alcoholism caused his original misconduct, and that he has been substantially rehabilitated." *See Kersey, supra.*[1] The Board further explained that, while normally it would recommend a monitor and a longer period of rehabilitation, it believed such measures are unnecessary "in light of Respondent's successful rehabilitation" stipulated to by Bar Counsel, and the fact that "the Mary-land Court of Appeals, which had primary responsibility for imposing discipline in this case,[2] readmitted Respondent to practice over five years ago."

We agree with and accept the Board's recommendation. Accordingly, it is

ORDERED that respondent is hereby suspended from the practice of law in the District of Columbia for ninety days, effective thirty days from this date, with a requirement that he show proof of fitness before he may resume practice; but that the suspension is stayed in favor of unsupervised probation for one year, also effective that date, on the condition that he abstain from the use of alcohol and that he commit no other disciplinary violation. Upon respondent's satisfactory completion of the probation, the suspension order shall expire of its own force.

*So ordered.*

---

1. The Hearing Committee in this case also "conclude[d] that Respondent has been rehabilitated from the alcoholism from which he suffers."

2. The matter originated in the District of Columbia as a reciprocal discipline proceeding.