736 A.2d 345

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, Petitioner,

v.

## Demetrios E. ANAGNOSTIADIS, Respondent.

**Misc. AG, No. 88, Sept. Term, 1998.**

Court of Appeals of Maryland.

July 9, 1999.

## ORDER

The Court having considered the joint petition for indefinite suspension by consent filed by the Petitioner and the Respondent, it is this 9th day of July, 1999

**ORDERED** by the Court of Appeals of Maryland that the petition be, and it is hereby, **GRANTED.** Demetrios E. Anagnostiadis is indefinitely suspended from the practice of law in this State, said suspension to take effect September 1, 1999, and it is further

**ORDERED,** that within thirty days of the date of the entry of this order Respondent shall:

a. File a notice of withdrawal as of the effective date of the suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs c and d of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b. Resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs c and d of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c. Provide notices to all clients and to all wards, heirs and beneficiaries that the lawyer has been suspended indefinitely; that he is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d. Provide notices to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the suspension;

e. Make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or property;

f. Refund any part of any fee paid in advance that has not been earned; and

g. Properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control. Immediately convert all fiduciary accounts to require the additional signature of Melvin G. Bergman, Esquire, as a required signator on all checks and withdrawals.

All notices required shall be served by certified mail, return receipt requested, and it is further

**ORDERED,** that no later than August 15, 1999 the lawyer shall file with the Office of the Bar Counsel an affidavit certifying the lawyer has fully complied with the provisions of this Order. Appended to the affidavit of compliance shall be:

h. A copy of each form or notice, the name and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of

clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

i. A schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

j. A schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

k. Such proof of the proper distribution of such funds and the closing of such accounts as has been requested by Bar Counsel, including copies of checks and other instruments;

l. A list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

m. The residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of this order, and it is further

**ORDERED** that termination of Respondent's suspension is subject to Respondent having satisfied Bar Counsel that the following conditions have been met:

n. Respondent shall have engaged, at his expense, a monitor, acceptable to Bar Counsel, who will oversee Respondent's practice of law for a period of three (3) years and to provide to Bar Counsel monthly reports for one (1) year and quarterly reports thereafter;

o. Respondent is to provide the Office of Bar Counsel financial records in connection with certain of his clients who are Complainants in the matters currently under investigation where Respondent has failed to provide an accounting and produce financial records as requested by Bar Counsel. The Respondent shall, prior to any application for reinstatement, provide monthly bank statements, from his attorney escrow account(s) from September, 1994 through October, 1999 and

further provide all checks drawn against that account(s) for the same period of time, copied both front and back if originals are not provided, deposit slips, front and back of copies of deposited items, copies of all other transactions, whether by way of memo or electronic transfer or otherwise, into or out of that account(s) throughout the subject period of time. Further, the Respondent is to provide all bank records pertaining to his fiduciary account(s) used in connection with his real estate settlement practice, particularly the account(s) of Old Line Settlement Services, Inc. The records shall include the bank statements to such account(s) from May, 1996 through October, 1999, all checks drawn against that account(s) during the same period of time, copied both front and back if originals are not provided, deposit slips, front and back of copies of deposited items, and copies of all other transactions, whether by way of memo or electronic transfer or otherwise, into or out of that account(s) throughout the subject period of time;

p. Respondent is further to provide an accounting of the funds held on behalf of his client Juanita King for the benefit of Stuart A. Broth. The Respondent is, further, to certify, prior to any petition for reinstatement, that Stuart A. Broth has been fully and justly compensated consistent with the obligations and rights arising out of an authorization and assignment executed by Juanita King on April 24, 1990 and Respondent on August 14, 1990;

q. Further, Respondent is to provide a complete and accurate accounting of all funds entrusted to him on behalf of a real estate settlement conducted in June 1996 in connection with the property at 10023 Brunette Avenue, Silver Spring, Maryland, 20901, such accounting to specifically address, but not be limited to, real property taxes withheld from the borrower's funds in the amount of $1,929.14. The Respondent agrees to, prior to any application for reinstatement, indemnify the borrower the amount of unpaid interest and penalties attributable to any failure to pay property taxes upon the subject premises. The Respondent further agrees to provide a surveyor's report of the subject premises;

r. Respondent further agrees, prior to any application for reinstatement, that he will fully and completely account for $3,500.00 received as a retainer from Angelis D. Kokkinis as well as present an accurate and correct statement of services performed on behalf of Mr. Kokkinis and certify that any unearned fees have been returned to Mr. Kokkinis subject to, and consistent with, any judicial determinations that may be established in a presently pending civil matter between Kokkinis and Respondent;

s. Respondent will provide a complete and full accounting of all funds received by him on behalf of the parties to a real estate settlement conducted by Respondent on November 4, 1996 in connection with the premises located at 753 Weaverton Road, Knoxville, Maryland, 21758. Respondent is further to produce to Mary L. Fowler the original deed, deed of trust, and promissory note, and any other documents necessary to complete the settlement transaction on that property. Further Respondent is to certify that all sums received by him on behalf of the parties to this transaction, which have not been completely and properly expended, are returned to the appropriate parties;

t. Respondent will certify that he has refunded to Dr. Bharat Z. Patel his full membership fee of $91.26 paid to Respondent as Chief Operating Officer of American Legal Services, LLC, and it is further

**ORDERED** that the Clerk of this Court shall remove the name of Demetrios E. Anagnostiadis from the register of attorneys in this Court, effective September 1, 1999, until further order of this Court and certify that fact to the Trustees of the Clients' Security Trust Fund and all the clerks of all judicial tribunals in the State in accordance with Maryland Rule 16–713.