**In re Demetrios E. ANAGNOSTIADIS, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1113.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 2000.

Decided Jan. 11, 2001.

Before TERRY and WASHINGTON, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

In the face of disciplinary action but before any formal charges were filed, respondent Anagnostiadis consented to an indefinite suspension of his license to practice law in Maryland. The joint petition for indefinite suspension by consent, filed by respondent and Maryland Bar Counsel, stated that respondent was the subject of eight pending disciplinary matters alleging numerous ethical violations.[1] The petition also acknowledged that respondent was subject to further investigation by Maryland disciplinary authorities, upon review of financial records he agreed to provide, to determine whether he invaded, misappropriated, or otherwise improperly handled fiduciary funds entrusted to him.

The Maryland Court of Appeals granted the petition on July 9, 1999, and ordered that respondent's indefinite suspension take effect on September 1, 1999. *Attorney Grievance Commission v. Anagnostiadis*, 355 Md. 765, 736 A.2d 345 (1999). The court also stated that termination of respondent's suspension would be conditioned on his compliance with numerous directives, including submitting various financial records and accountings to Maryland Bar Counsel and employing a practice monitor for three years. The Maryland court did not specify a time period after which respondent could apply for reinstatement.

District of Columbia Bar Counsel initiated this reciprocal proceeding by filing with this court a certified copy of the Maryland court's order.[2] We temporarily suspended respondent on September 14, 1999, pursuant to D.C. Bar Rule XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board") for its recommendation concerning reciprocal discipline. The Board has now recommended that respondent be indefinitely suspended in the District of Columbia, with the right to apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first, and that reinstatement be conditioned on proof of fitness to practice law. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation, and respondent has not filed any objection.

The Board acknowledges that an indefinite suspension is not a sanction typically employed in the District of Columbia. In previous cases involving indefinite suspensions elsewhere, the Board has recommended, and this court has imposed, reciprocal suspensions for finite periods of time appropriate to the misconduct involved. *See, e.g., In re Dietz*, 675 A.2d 33 (D.C. 1996). In this case, however, the record of the Maryland proceedings does not fully reveal the nature of respondent's misconduct, and consequently the Board is unable to determine what period of suspension would be appropriate here.

Given the well-established presumption that the sanction imposed by this court in a reciprocal case will be identical to that imposed by the original disciplining court, *see In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992), and given our limited scope of review in uncontested disciplinary cases, *In re Goldsborough*, 654 A.2d 1285 (D.C. 1995), we adopt the Board's recommendation. Accordingly, it is

ORDERED that respondent, Demetrios E. Anagnostiadis, is indefinitely suspended

---

1. Respondent allegedly violated Rules 1.1, 1.3, 1.4(a), 1.4(b), 1.5(a), 1.15(a), 1.15(b), 1.16(d), 8.1(b), 8.4(b), and 8.4(c), and 8.4(d) of the Maryland Rules of Professional Conduct, and section 10–306 of the Business Occupations and Professions Article of the Annotated Code of Maryland.

2. Bar Counsel also notified us that respondent has been suspended by two federal district courts in reciprocal proceedings.

from the practice of law in the District of Columbia. He may apply for reinstatement after he is reinstated in Maryland or after the passage of five years, whichever occurs first. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We note, in addition, that the affidavit filed by respondent in this proceeding is not in substantial compliance with D.C. Bar Rule XI, § 14. We therefore direct respondent's attention to the requirements of that rule and the effect of non-compliance with those requirements on his eligibility for reinstatement. *See* D.C. Bar Rule XI, § 16(c).