### In re Gene G. BLADES, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 98–BG–1850.

District of Columbia Court of Appeals.

Submitted Jan. 18, 2001.
Decided Feb. 1, 2001.

Before GLICKMAN, Associate Judge, and KERN and NEBEKER, Senior Judges.

PER CURIAM:

On November 18, 1998, the Court of Appeals of Maryland granted the joint petition of respondent Gene G. Blades and Maryland Bar Counsel to suspend respondent indefinitely from the practice of law. *See Attorney Grievance Comm'n of Maryland v. Blades*, 352 Md. 1, 720 A.2d 583 (1998). This discipline by consent followed charges that respondent had violated the Maryland Rules of Professional Conduct by filing forged pleadings, forged affidavits and a fictitious subpoena. In response to these charges, respondent proffered that his misconduct was causally related to serious mental illness, and that without prolonged and intensive therapy he would likely be unable to resume practicing law. Because respondent waived a hearing, the record from the Maryland proceeding omits the facts underlying the charges of misconduct, and contains no findings as to

---

the extent of respondent's psychiatric problems.

As reciprocal discipline, and in view of the lack of a factual record, the Board of Professional Responsibility recommends that respondent be suspended indefinitely from practicing law in the District of Columbia, with the right to apply for reinstatement under D.C. Bar R. XI, § 16(d) after he is reinstated in Maryland or after five years, whichever occurs first.[1] The Board further recommends that reinstatement be conditioned on proof by respondent of his fitness to practice law.

Neither Bar Counsel nor respondent object to the Board's report and recommendation. In view of the presumption in favor of identical reciprocal discipline[2] and our heightened deference to the Board when its recommendation is unopposed,[3] we accept that recommendation in this case. *See In re Anagnostiadis,* 765 A.2d 548, 549 (D.C.2001) (imposing indefinite suspension as reciprocal discipline where "the record of the Maryland proceedings does not fully reveal the nature of respondent's misconduct, and consequently the Board is unable to determine what period of suspension would be appropriate here"). Accordingly, it is

ORDERED that Gene G. Blades is indefinitely suspended from the practice of law in the District of Columbia. He may apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. As respondent has not filed the affidavit required by D.C. BAR R. XI, § 14, we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. BAR XI, § 16(c).

*So ordered.*

---

1. The Board determined that it would be inappropriate to impose reciprocally a disability suspension in this case, with reinstatement governed by D.C. Bar R. XI, § 13(g), because the Maryland Court of Appeals disciplined respondent for misconduct rather than finding him to be incapacitated and placing him on "inactive status."

2. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992); D.C. BAR R. XI, § 11(c).

3. *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. BAR R. XI, § 11(f).