## In re James M. SLATTERY, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 98–BG–1500.

District of Columbia Court of Appeals.

Submitted Jan. 16, 2001.
Decided Feb. 8, 2001.

See also 351 Md. 240, 718 A.2d 211.

---

Before REID and GLICKMAN, Associate Judges, and KING, Senior Judge.

PER CURIAM.

In a petition filed in May 1998, Maryland Bar Counsel alleged that respondent James M. Slattery, in three separate real estate settlements, withheld funds for the recording of the deed and the purchase of title insurance, and then failed to record the deeds or purchase title insurance. The petition also alleged that respondent ignored repeated requests from his client to correct these deficiencies, never accounted for the funds, failed to maintain complete escrow account records, and failed to provide Maryland Bar Counsel with the requested records. The petition for disciplinary action charged respondent with failing to represent his client diligently, failing to communicate with his client, failing to promptly deliver funds belonging to a third party, failing to maintain adequate escrow account records, failing to respond to bar counsel, and engaging in conduct that is prejudicial to the administration of justice.

In light of the pending charges, respondent agreed to an indefinite suspension with conditions. The petition for indefinite suspension by consent that was filed jointly by the Attorney Grievance Commission of Maryland and respondent stated that respondent submits "that he is an alcoholic and was suffering from that disease at the time of the occurrences alleged in the Petition for Disciplinary Action." On September 22, 1998, the Court of Appeals of Maryland indefinitely suspended respondent by consent from the practice of law in Maryland. *Attorney Grievance Comm'n of Md. v. Slattery*, 351 Md. 240, 718 A.2d 211 (1998). The order mandates that, prior to petitioning for reinstatement, respondent abstain from consumption of alcoholic beverages, participate in certain rehabilitative activities, and pay $1,061.40 in costs incurred in connection with the proceeding. Additionally, his reinstatement in Maryland will be conditioned on his being monitored for the first two years after reinstatement by the Maryland State Bar Association's Director of Lawyer Counseling and by a practice monitor.

After learning of respondent's indefinite suspension in Maryland, this court temporarily suspended respondent on October 28, 1998, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends reciprocal discipline of an indefinite suspension with the right to apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first, and upon a showing of fitness. The Board further recommends that, if reinstated, respondent be supervised by an attorney monitor for a period of two years. Neither Bar Counsel nor respondent has noted an exception to the Board's report and recommendation.

The Board's analysis and recommendation in this case parallel those in a similar case recently decided by this court, *In re Blades*, 766 A.2d 560 (D.C.2001). As we did in that case, we accept the Board's recommendation in light of our presumption in favor of identical reciprocal discipline and our limited scope of review in uncontested bar discipline cases. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992); *In re Goldsborough*, 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f)(1). Accordingly, it is

ORDERED that James M. Slattery is indefinitely suspended from the practice of law in the District of Columbia. He may apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first. Reinstatement in

the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. Reinstatement shall be further conditioned on respondent's employment of a practice monitor for the period of two years after reinstatement. Finally, we note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*