**In re Edward C. MASSAGLI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–55.**

District of Columbia Court of Appeals.

Submitted Jan. 11, 2001.

Decided March 1, 2001.

Before STEADMAN and SCHWELB, Associate Judges, and KING, Senior Judge.

PER CURIAM.

On December 18, 1998, the Court of Appeals of Maryland indefinitely suspended respondent Edward C. Massagli by consent from the practice of law in the State of Maryland.[1] *Attorney Grievance Comm'n of Md. v. Massagli,* 352 Md. 277, 721 A.2d 698 (1998). Respondent's reinstatement in Maryland is conditioned on his: (1) having completed a course of professional responsibility or legal ethics at an accredited law school prior to petitioning for reinstatement; (2) reimbursing a client an unearned fee of $2,400.00; (3) participating in twelve hours of continuing legal education courses in each of the first two years after reinstatement; and (4) hiring a practice monitor to oversee his practice for two years.[2]

The petition for indefinite suspension by consent, which respondent filed jointly with the Attorney Grievance Commission of Maryland, indicated that respondent was charged by Maryland Bar Counsel with failing to represent a client diligently, failing to communicate with the client, failing to terminate a representation, and failing to refund an unearned fee. The joint petition also indicated that respondent "has had problems accomplishing difficult tasks and routine matters" since his mother suffered a massive stroke in December 1995, that his father-in-law became seriously ill and came to reside with respondent in 1996, and that respondent "believes he may suffer from 'situational depression'

1. The Maryland Court also ordered respondent to file notices of withdrawal in any pending matters, resign all appointments to fiduciary positions, take other appropriate actions to protect the interests of his clients including surrendering papers and property, certify to Maryland Bar Counsel that he has complied with these directives, and pay the costs incurred by the Attorney Grievance Commission in this matter.

2. Respondent will be required to demonstrate his fitness before being reinstated in Maryland. *See* Md. R. 16–714.

and since September 1996, has struggled to prevent a 'downhill spiral'."

In light of the fact that the record of the Maryland proceedings does not describe the nature of the conduct sufficiently to enable the Board to determine what period of suspension might be appropriate in this jurisdiction, the Board recommends reciprocal discipline of an indefinite suspension with the right to apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first, and upon a showing of fitness.[3] The Board further recommends that, if reinstated, respondent be supervised by an attorney monitor for a period of two years, and be required to complete twelve hours of continuing legal education in each of his first two years after reinstatement. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation.

We recently imposed this type of sanction in two very similar cases that were also uncontested. See In re Slattery, 766 A.2d 561 (D.C.2001); In re Blades, 766 A.2d 560 (D.C.2001). Given the presumption in favor of identical reciprocal discipline and our limited scope of review in uncontested bar discipline cases, we adopt the Board's recommendation. See In re Zilberberg, 612 A.2d 832, 834 (D.C.1992); In re Goldsborough, 654 A.2d 1285 (D.C. 1995). Accordingly, it is

ORDERED that Edward C. Massagli is indefinitely suspended from the practice of law in the District of Columbia. He may apply for reinstatement after he is reinstated in Maryland or after five years,

whichever occurs first. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law.[4] Reinstatement shall be further conditioned on respondent's employment, at his own expense, of an attorney monitor for a period of two years, and on his completion of twelve hours of continuing legal education in each of his first two years of practice after reinstatement.[5] Finally, we note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. See D.C. Bar R. XI, § 16(c).

*So ordered.*

---

3. The Board rejected the notion of a disability suspension because the Maryland Court of Appeals chose to indefinitely suspend respondent rather than place him on inactive status and there is no suggestion in the Maryland case that respondent was incapable of practicing law.

4. *See In re Berger,* 737 A.2d 1033, 1045–46 (D.C.1999) (discussing possible vacatur of this requirement).

5. We leave for future practical resolution by the Board at the time of reinstatement and in the light of then existing circumstances any questions that may arise with respect to duplication of fulfillment of these conditions in Maryland and the District.