**In re Bridgette HARRIS– SMITH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 99–BG–1074, 99–BG–1287.**

District of Columbia Court of Appeals.

Submitted April 24, 2001.

Decided May 10, 2001.

Before STEADMAN, Associate Judge, and PRYOR and BELSON, Senior Judges.

PER CURIAM:

Respondent consented to an indefinite suspension imposed by the United States Bankruptcy Court for the District of Maryland on July 14, 1999, and to continue until lifted by further order of that court. The order stated that the suspension resulted from "a course of continuing conduct by Respondent of misfeasance and nonfeasance observed by Judges of this court," which "appeared to put her clients' affairs in jeopardy."[1] On August 25, 1999, we entered an order pursuant to D.C. Bar R. XI, § 11(d) temporarily suspending respondent in the District of Columbia and asked the Board on Professional Responsibility to recommend whether reciprocal discipline should be imposed.

The Board recommends that we indefinitely suspend respondent as reciprocal discipline, with the right to apply for reinstatement under D.C.App. R. XI, § 16(d), after she is reinstated in the Bankruptcy Court or after five years, whichever occurs first.[2] Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation, nor has respondent filed any opposition thereto.

We have previously imposed reciprocal indefinite suspensions, rather than specific terms of suspension, when faced with the sparse factual record that can result when the respondent consented to the original discipline. See In re Blades, 766 A.2d 560 (D.C.2001); In re Slattery, 766 A.2d 561 (D.C.2001). Given the presumption in favor of identical reciprocal discipline and our limited scope of review in uncontested bar discipline cases, we adopt the Board's recommendation. See In re Zilberberg, 612 A.2d 832, 834 (D.C.1992); In re Goldsborough, 654 A.2d 1285 (D.C.1995). Accordingly, it is

ORDERED that Bridgette Harris Smith is indefinitely suspended from the practice of law in the District of Columbia. She may apply for reinstatement under D.C. Bar R. XI, § 16(d) after she is reinstated by the United States Bankruptcy Court for the District of Maryland or after five years, whichever occurs first. Although respondent has been suspended from the practice of law in the District of Columbia since August 25, 1999, she has not filed the affidavit required by D.C.Bar. R. XI, § 14(g). We direct respondent's attention to the requirements of that rule and their effect on her eligibility for reinstatement. See D.C. Bar R. XI, § 16(c).

---

1. On July 26, 1999, the United States District Court for the District of Maryland entered a like indefinite suspension of respondent, "considered to be identical to, and should run concurrently with," the discipline imposed by the bankruptcy court.

2. The Board's report and recommendation encompasses another reciprocal disciplinary matter involving respondent arising out of a thirty-day suspension by the Maryland Court of Appeals for unauthorized practice of law in that state and other disciplinary violations. *Attorney Grievance Comm'n of Maryland v. Bridgette Harris Smith*, 356 Md. 72, 737 A.2d 567 (1999). As a result, we temporarily suspended respondent by order of October 7, 1999. The Board does not recommend any additional reciprocal discipline based on the Maryland suspension.