### In re John C. HARDWICK, Jr., Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 03–BG–191.

District of Columbia Court of Appeals.

Submitted Sept. 23, 2004.

Decided Oct. 7, 2004.

---

**5.**

Before FARRELL and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

On February 5, 2003, the Court of Appeals of Maryland indefinitely suspended respondent John C. Hardwick, Jr. by consent from the practice of law in the State of Maryland. *Attorney Grievance Comm'n of Md. v. Hardwick,* 372 Md. 689, 815 A.2d 815 (2003).[1] In an affidavit attached to the petition for indefinite suspension by consent, which respondent filed jointly with the Attorney Grievance Commission of Maryland, he acknowledged that sufficient evidence could be produced t/o sustain certain allegations of misconduct made by Maryland Bar Counsel. Among those allegations were charges that respondent had made false representations to his law firm and to clients with respect to services he had claimed to have performed on their behalf.

After learning of respondent's indefinite suspension in Maryland, we temporarily suspended him on April 2, 2003, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends that respondent be indefinitely suspended with the right to apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first, and upon a showing of fitness. The Board further recommends that if reinstatement is sought here before reinstatement in Maryland, the period of suspension should run from the time respondent filed the affidavit required by D.C. Bar R. XI, § 14(g). Neither Bar Counsel nor respondent has noted an exception to the Board's report and recommendation.

While indefinite suspension is not a sanction typically employed in this jurisdiction, *see* D.C. Bar R. XI, § 3(a), it is not unknown and we have imposed it in similar cases. *See In re Slattery,* 766 A.2d 561 (D.C.); *In re Blades,* 766 A.2d 560 (D.C. 2001). For this reason, as well as the presumption favoring identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), and our limited scope of review in uncontested bar discipline cases, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995), we adopt the Board's recommendation. Accordingly, it is

ORDERED that respondent John C. Hardwick, Jr. is indefinitely suspended from the practice of law in the District of Columbia. Reinstatement in this jurisdiction shall be conditioned on respondent's proof of his fitness to practice law, but if respondent is summarily reinstated in Maryland he may seek vacatur of the fitness requirement pursuant to the guidelines set forth in Board Rule 8.7. *See In re Berger,*

1. Bar Counsel has advised us that based on this suspension, respondent has also been suspended by the United States Court of Appeals for the District of Columbia Circuit and the United States District Court for the District of Maryland.

737 A.2d 1033 (D.C.1999). Respondent may apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first; however, if reinstatement is sought in the District of Columbia before respondent is reinstated in Maryland, the period of suspension shall run from the time respondent files the affidavit required by D.C. Bar R. XI, § 14. Since respondent has not filed that affidavit yet, we direct his attention to the requirements of that Rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*