**In re Bridgette M. HARRIS–SMITH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 413256).**

**Nos. 02–BG–771, 03–BG–102.**

District of Columbia Court of Appeals.

Submitted Feb. 22, 2005.

Decided April 14, 2005.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

Respondent is a member of the Bar of the District of Columbia Court of Appeals [1] who has been indefinitely suspended since May 10, 2001, as reciprocal discipline based on her consent to an indefinite suspension imposed by the United States Bankruptcy Court for the District of Maryland. *See In re Harris–Smith,* 772 A.2d 804 (D.C.2001) (per curiam).

Thereafter, respondent was disbarred by the United States Bankruptcy Court for the Eastern District of Virginia.[2] The

---

1. She is also a member of the bars of the Commonwealth of Virginia, the Commonwealth of Pennsylvania, and the United States District Court for the District of Columbia.

2. Respondent was also ordered to refund a $600 retainer to her client and was fined $1,500 for failure to respond to a show cause order issued by the court.

Virginia State Bar ordered that respondent's license to practice law be revoked, based on the discipline imposed by the Bankruptcy Court. Bar Counsel notified us of this action (No. 02–BG–771) and on October 23, 2002, we ordered that respondent's suspension in *In re Harris–Smith*, 772 A.2d 804 (D.C.2001) (per curiam) remain in effect and also suspended her pursuant to D.C. Bar R. XI, § 11(d). On January 9, 2003, we referred the matter to Bar Counsel with direction to consider both the Virginia Bankruptcy Court's discipline and the Virginia State Bar discipline in recommending the discipline to be imposed.

On December 4, 2002, respondent was disbarred by consent by the Court of Appeals of Maryland. Bar Counsel filed a certified copy of the Maryland court's disbarment order with this court (No. 03–BG–102) and requested that we consolidate this case with No. 02–BG–771. On February 20, 2003, the cases were consolidated, and we directed the Board on Professional Responsibility to recommend promptly thereafter to this court whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. The Board now recommends that we disbar respondent as identical reciprocal discipline.[3] Bar Counsel has not taken exception to the Board's report and recommendation and respondent has not filed a response.[4]

■ Our review in uncontested disciplinary cases is limited, and the presumption is in favor of identical reciprocal discipline. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f).

The Virginia State Bar Disciplinary Board revoked respondent's license to practice law based upon the order issued by the United States Bankruptcy Court for the Eastern District of Virginia (*In re Gladys E. Barnes*, No. 99–10341–SSM), permanently barring her from practice before the Bankruptcy Court. Respondent's misconduct before the Bankruptcy Court in Virginia consisted of failing to appear for several hearings, including the show cause hearing concerning her own disbarment. Furthermore, respondent was previously found to have engaged in the unauthorized practice of law in Maryland, in violation of Maryland Rules of Professional Conduct 5.5(a) and 8.4(b). On December 4, 2002, the Court of Appeals of Maryland entered a consent order disbarring respondent from practicing law in Maryland.[5]

■ Respondent's violations in Maryland, coupled with those in the United States Bankruptcy Court, if committed here, would warrant disbarment. *See In re Harper*, 785 A.2d 311, 317 (D.C.2001) (Board recommended disbarment as reciprocal discipline for respondent's unauthorized practice of law and related miscon-

---

**3.** The Board based its recommendation on the discipline imposed by the Bankruptcy Court, the original disciplining court, rather than upon the revocation by the Virginia Board which was based on the Bankruptcy Court order. *See In re Webb*, 766 A.2d 564, 565 (D.C.2001) (per curiam) (citing *In re Otchere*, 677 A.2d 1040, 1041 (D.C.1996)) (per curiam) (reciprocal discipline should be founded on original conduct and discipline, and not on a reciprocal order disbarring respondent for identical conduct).

**4.** Respondent also did not participate in any proceedings before the Board.

**5.** Pursuant to Maryland Rule of Procedure 16–701(e), the term "disbarment," when used in reference to an attorney not admitted to the Maryland Bar, signifies the "unconditional exclusion from the admission to or the exercise of any privilege to practice law in [Maryland]."

duct in Maryland. This court upheld Board's recommendation in both instances, and characterized unlicensed practice of law in violation of state statute as "serious misconduct."); *see also In re Barneys,* 861 A.2d 1270 (D.C.2004).

Since no exception has been taken, we give heightened deference to the Board's recommendation. *See* D.C. Bar Rule XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, as there is substantial support in the record for the Board's findings, we accept them and adopt the recommended sanction since it is not inconsistent with discipline imposed in similar cases.[6] Accordingly, it is

ORDERED that Bridgette M. Harris–Smith is disbarred from the practice of law in the District of Columbia. Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct her attention to the requirements of that rule and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c). In considering the merits of any reinstatement petition filed by respondent, consideration shall be given to whether she has complied with the order entered by the United States Bankruptcy Court for the Eastern District of Virginia requiring her to refund a $600 retainer to her client and pay a $1,500 monetary sanction.

*So ordered.*

---

6. *See, e.g., In re Steely,* 806 A.2d 1236 (D.C. 2002).