**In re Antoine I. MANN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 433378).**

**No. 03–BG–1138.**

District of Columbia Court of Appeals.

Sept. 29, 2005.

Before TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On September 23, 2003, as the result of eight complaints charging him with serious violations of the Maryland Rules of Professional Conduct—including fraud, lying under oath, and other criminal conduct—the respondent, Antoine I. Mann, was indefi-

nitely suspended from the practice of law in that state. In a joint petition for indefinite suspension by consent, which respondent filed with the Attorney Grievance Commission of Maryland, he acknowledged that sufficient evidence could be produced to sustain the allegations of misconduct.

Bar Counsel informed us of respondent's indefinite suspension in Maryland, and we temporarily suspended him on November 6, 2003, pursuant to D.C. Bar R. XI, § 11(d). We also referred the matter to the Board on Professional Responsibility ("Board") for a report and recommendation, or a determination on whether it would proceed *de novo*. It recommended imposing the identical reciprocal discipline of an indefinite suspension, and neither Bar Counsel nor respondent has noted an exception to the Board's recommendation.

Although an indefinite suspension is not a sanction specifically identified in our rules, *see* D.C. Bar R. XI, § 3(a), it is not unknown to our disciplinary system and has been imposed in similar cases. *See In re Hardwick*, 859 A.2d 1063 (D.C.2004); *In re Blades*, 766 A.2d 560 (D.C.2001). In addition, there is a strong presumption favoring identical reciprocal discipline, *see In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992), and our scope of review is limited when, as here, no exceptions have been taken. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995). Accordingly, we adopt the Board's recommendation. It is

ORDERED that Antoine I. Mann is indefinitely suspended from the practice of law in the District of Columbia. Respondent may apply for reinstatement after he is reinstated in Maryland or after five years, whichever occurs first; however, if reinstatement is sought in the District of Columbia before respondent is reinstated

in Maryland, the period of suspension shall run from the time respondent files the affidavit required by D.C. Bar R. XI, § 14. Moreover, since respondent has not filed that affidavit, we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*