**In re Keith A. ROSENBERG, Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 215160).

No. 06–BG–355.

District of Columbia Court of Appeals.

Submitted Dec. 14, 2007.

Decided Jan. 3, 2008.

Before WASHINGTON, Chief Judge, and FARRELL and BLACKBURNE–RIGSBY, Associate Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Keith A. Rosenberg,[1] a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline be imposed in the form of an indefinite suspension, with the right to apply for reinstatement after respondent is reinstated in Maryland or after five years, whichever occurs first. No exceptions to the Board's Report and Recommendation have been filed.

On September 20, 2005, the Maryland Court of Appeals indefinitely suspended respondent from the practice of law and entered judgment against him for costs in the amount of $1,200.00 for disciplinary violations based on a Joint Petition for Indefinite Suspension by Consent in which respondent acknowledged that if a hearing were held, sufficient evidence could be produced to sustain the charges of committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and engaging in conduct that is prejudicial to the administration of justice. On April 12, 2006, Bar Counsel filed a certified copy of the order from the Maryland Court of Appeals. On April 26, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed *de novo*. On May 18, 2006, respondent filed an affidavit required by D.C. Bar R. XI, § 14(g) with the Board; however, it did not meet the requirements of that rule because it did not provide an unambiguous statement that he had no clients in the District of Columbia at the time he was suspended on an interim basis

1. Respondent was admitted to the Bar of the District of Columbia by motion on June 10, 1975.

here. He later filed a supplemental § 14(g) affidavit but it was still deficient. Bar Counsel filed a statement with the Board recommending reciprocal discipline of an indefinite suspension with the right to apply for reinstatement after being reinstated in Maryland or after five years, whichever occurred first. Respondent did not respond to Bar Counsel's statement nor otherwise oppose the imposition of reciprocal discipline.

■ In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do . . . is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Maryland matter because respondent participated in the proceeding, admitted the sufficiency of the evidence against him, and consented to the sanction imposed. Additionally, the Board recommended that if respondent filed another supplemental § 14(g) affidavit within ten days of the Board's report that fully complied with the rule, his suspension should run *nunc pro tunc* from May 18, 2006, the date of the first affidavit. Respondent did file a compliant § 14(g) affidavit within the given time period. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C. 1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

■ Although an indefinite suspension is not a sanction specifically identified in our rules, *see* D.C. Bar R. XI, § 3(a), it is not unknown to our disciplinary system and has been imposed in similar reciprocal cases. *See In re Mann,* 883 A.2d 887 (D.C.2005); *In re Hardwick,* 859 A.2d 1063 (D.C.2004). Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Keith A. Rosenberg is indefinitely suspended from the practice of law in the District of Columbia. For purposes of reinstatement, his suspension runs *nunc pro tunc* from May 18, 2006, and he may apply for reinstatement after he is reinstated in Maryland, or after five years, whichever occurs first.

*So ordered.*