### In re Donald P. McLAUGHLIN, Respondent.

No. 09–BG–788.

District of Columbia Court of Appeals.

Sept. 24, 2009.

Before FISHER, Associate Judge; and PRYOR and KING, Senior Judges.

### ORDER

PER CURIAM.

On further consideration of the certified copy of the order issued by the Court of Appeals of Maryland indefinitely suspending respondent, *see Attorney Grievance Commission of Maryland v. Donald Paul McLaughlin,* 409 Md. 304, 974 A.2d 315 (2009), this court's July 22, 2009, order suspending respondent from the practice of law pending final disposition by this court, and directing respondent to show cause why he should not be suspended from the practice of law in the District of Columbia, with a fitness requirement, and that he should not be eligible to petition for reinstatement until expiration of five years or upon his reinstatement in Maryland, whichever occurs first, and there appearing to be no response from respondent to the show cause order, the statement of Bar Counsel regarding reciprocal discipline, and it further appearing that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Donald P. McLaughlin, be and hereby is indefinitely suspended from the practice of law in the

District of Columbia, with a fitness requirement. Respondent is not eligible to file a petition for reinstatement until the expiration of five years or upon his reinstatement in Maryland, whichever occurs first. *See In re Hardwick,* 859 A.2d 1063, 1064 (D.C.2004) ("While indefinite suspension is not a sanction typically employed in this jurisdiction, *see* D.C. Bar R. XI, § 3(a), it is not unknown and we have imposed it in similar cases. For this reason, as well as the presumption favoring identical reciprocal discipline, and our limited scope of review in uncontested bar discipline cases, we adopt the Board's recommendation."); *In re Meisler,* 776 A.2d 1207, 1208 (D.C.2001) ("In reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was in the original disciplining jurisdiction."). For purposes of determining respondent's eligibility to petition for reinstatement, the suspension shall be deemed to run from the date upon which he files an affidavit required by D.C. Bar R. XI, § 14(g).