In re Howard M. BERG, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–269.**

District of Columbia Court of Appeals.

Submitted April 16, 1997.

Decided May 1, 1997.

Before FERREN, FARRELL, and KING, Associate Judges.

PER CURIAM:

The Court of Appeals of Maryland suspended respondent from the practice of law in that state indefinitely based upon evidence that respondent had diverted to his own use the proceeds of fee checks payable to his partners and other lawyers at his law firm in Delaware. The Maryland suspension was based on respondent's conduct in Delaware, for which he received a "private admonition" in that state. We ordered the Board on Professional Responsibility to determine whether reciprocal discipline should be imposed on the basis of the Maryland discipline. The Board rejected, as do we, respondent's contention that the reciprocal discipline should be limited by his more lenient sanction in Delaware. Given a choice of foreign

---

benchmarks, we are free to look to the sanction that in our view accords most closely with the gravity of respondent's conduct. The Board recommends that respondent be suspended for a period of one year and that reinstatement be conditioned upon a showing of fitness to practice law in this jurisdiction. Respondent has filed no exception to the Board's recommendation, and, given that fact, Bar Counsel likewise does not oppose the recommendation.

This state of affairs is somewhat disturbing in light of the Board's observation that if this case had arisen in the District of Columbia as an original disciplinary matter, respondent might well have been disbarred or suspended for a lengthy period of time.[1] We agree with that observation. But we are prepared to accept the Board's recommendation for the following combined three reasons: First, this *is* a reciprocal matter, and the Board has conscientiously endeavored to fix a sanction equivalent to Maryland's indefinite suspension, including the requirement that respondent prove fitness as a condition of reinstatement.[2] Second, and importantly, Bar Counsel has not opposed the recommendation in this court. Third, respondent (now 71 years old) has sworn that he is retired from the practice of law in all jurisdictions and does not intend ever to practice in the District of Columbia.

Accordingly, it is

ORDERED that respondent is hereby suspended from the practice of law in this jurisdiction for one year, *nunc pro tunc* to February 22, 1996,[3] with a showing of fitness required for reinstatement.

*So ordered.*

---

1. As an illustration of respondent's conduct, the Board noted that "[i]n at least once instance he wrote the name of one of his partners on a check, without the partner's authorization, and cashed the check for his personal use."

2. The Board was correct that in dealing with an indefinite suspension in a foreign jurisdiction, the normal practice of this court has been to impose a fixed period of suspension. *See, e.g., In re Powell*, 646 A.2d 340 (D.C.1994); *In re Reid*, 540 A.2d 754 (D.C.1988); *In re Aldridge*, 624 A.2d 1210 (D.C.1993). *But see In re Samuels*, 648 A.2d 943 (D.C.1994) (indefinite voluntary suspension for reasons of health).

3. Respondent filed the affidavit required by D.C.Bar R. XI, § 14(g), along with an affidavit attesting that he had never practiced law in the District of Columbia and never intends to do so.