In re Robert C. FREED, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 00–BG–123, 00–BG–1577.

District of Columbia Court of Appeals.

Submitted May 15, 2001.

Decided June 7, 2001.

---

Before SCHWELB and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Respondent Robert C. Freed is the subject of two disciplinary actions. The first stems from his failure to respond to Bar Counsel's inquiries about an ethical complaint, and his failure to comply with an order of the Board on Professional Responsibility ("the Board") directing him to respond to the complaint. In accord with the Hearing Committee, the Board found that respondent violated Rule 8.4(d) of the District of Columbia Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3).

The second action is a reciprocal matter. One of respondent's clients wrote to a judge of the United States District Court for the District of Maryland ("the District Court") complaining about not hearing from or being able to contact respondent. After learning that the Maryland Attorney Grievance Commission did not know respondent's whereabouts, the District Court temporarily suspended respondent and directed him to show cause why he should not be indefinitely suspended for failing to respond to the court's inquiries and for not keeping the court apprised of his current address. Respondent did not file a response to the show cause order. On January 11, 2000, after numerous attempts to locate respondent, the District Court indefinitely suspended him, with reinstatement conditioned on a showing of fitness. Bar Counsel notified this court of respondent's indefinite suspension by the District Court, and on February 15, 2000, we temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board.

As discipline for both cases, the Board recommends that respondent be suspended for thirty days and required to show fitness before reinstatement. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board and has not filed any exceptions to the Board's report and recommendation.

In an original proceeding, this court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Respondent's failure to file any exceptions to the Board's report and recommendation increases this court's already substantial deference to the Board. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). The record supports the Board's findings that respondent violated Rule 8.4(d) and D.C. Bar R. XI, § 2(b)(3). In the reciprocal case, our scope of review is also limited because respondent has not contested the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f). Thus, we find that imposition of discipline is appropriate in both cases.

 We have previously stated that a fixed period of suspension is appropriate reciprocal discipline when the original dis-

ciplining court has imposed an indefinite suspension. *See In re Berg,* 694 A.2d 876, 877 n. 2 (D.C.1997). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). The thirty-day suspension with fitness requirement recommended by the Board is not inconsistent with discipline imposed in similar cases. *See, e.g., In re Giles,* 741 A.2d 1062 (D.C.1999). Therefore, and in light of our limited scope of review, we adopt the sanction recommended by the Board. Accordingly, it is

ORDERED that Robert C. Freed is suspended from the practice of law in the District of Columbia for the period of thirty days. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14. We direct respondent's attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*