**In re Joel CHASNOFF, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1578.**

District of Columbia Court of Appeals.

Submitted May 28, 2003.

Decided June 12, 2003.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On October 15, 2001, the Court of Appeals of Maryland indefinitely suspended respondent, Joel Chasnoff, for misconduct in his representation of three clients. *Attorney Grievance Comm'n of Md. v. Chasnoff,* 366 Md. 250, 783 A.2d 224 (2001). Respondent's misconduct included failing to act with competence, failing to act with diligence, failing to communicate with his clients, charging an excessive fee, and failing to respond to disciplinary authorities.

Respondent reported his suspension to Bar Counsel as required by D.C. Bar R. XI, § 11(b). This court temporarily suspended respondent on January 14, 2002, pursuant to D.C. Bar R. XI, § 11(d),[1] and referred the matter to the Board on Professional Responsibility ("Board"). The Board recommends that we impose reciprocal discipline in the form of a ninety-day suspension with a fitness requirement. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation.

We have previously imposed a fixed period of suspension as reciprocal discipline when the original disciplining court imposed an indefinite suspension. *See In re Freed,* 773 A.2d 436 (D.C.2001); *In re Berg,* 694 A.2d 876, 877 n. 2 (D.C.1997). Given our limited scope of review in this uncontested case, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Joel Chasnoff be suspended from the practice of law in the District of Columbia for the period of ninety days. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We again direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility

---

1. Respondent has also been suspended from the practice of law in the District of Columbia since 1989 for nonpayment of dues. *See* D.C. Bar R. II, § 6.

for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*