In re David ROBERSON, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 02–BG–718.

District of Columbia Court of Appeals.

Submitted Oct. 12, 2004.

Decided Nov. 4, 2004.

Before REID, Associate Judge, KING and STEADMAN, Senior Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent David Roberson,[1] the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed.

On April 5, 2001, the Supreme Court of Georgia disbarred respondent for multiple violations of Georgia's Standards of Conduct set forth in Georgia State Bar Rule 4–102, including dishonesty, failure to promptly deliver and account for trust funds (misappropriation), conflicts of interest, and charging an excessive fee, all of which arose from representation of clients in a medical malpractice case. *In re Roberson*, 273 Ga. 651, 544 S.E.2d 715 (2001). The disbarment order also directed respondent to make restitution to a client of all moneys he received in connection with his representation as a condition of reinstatement. On June 28, 2002, after receiving notice of this discipline, Bar Counsel notified this court. On July 15, 2002, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board should proceed *de novo*. The Board recommends reciprocal and identical discipline of

---

1. Respondent was admitted by motion to the    D.C. Bar on October 5, 1977.

disbarment.[2] Neither Bar Counsel nor respondent filed exceptions.

In its report and recommendation, the Board found that the record supported the reciprocal and identical discipline of disbarment stating that respondent's violations of the Georgia Standard of Conduct Rules comprised violations of comparable D.C. Rules of Professional Conduct.[3] The Board also noted that respondent had participated in the reciprocal disciplinary proceedings conducted in Maryland, but that after a full hearing, Maryland also disbarred respondent. Respondent has not participated in proceedings before the Board, has not filed any opposition to the Board's recommendation, and has not filed the required affidavit pursuant to D.C. Bar R. XI, § 14(g).

■■■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct, which was detailed in the Georgia Supreme Court order of disbarment, includes misappropriation and dishonesty, each of which offense warrants disbarment in this jurisdiction. *See In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc); *In re Slattery*, 767 A.2d 203 (D.C.2001).

■■ As noted, the Board in this case recommends disbarment. No exception has been taken to its report and recommendation. Therefore, the court gives heightened deference to the Board's recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997).[4] As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that David Roberson be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994). We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c). It is

FURTHER ORDERED that reinstatement is also conditioned on respondent's compliance with the Supreme Court of Georgia's requirement of restitution.

*So ordered.*

---

**2.** Bar Counsel also has informed this court that the Maryland Court of Appeals imposed the reciprocal discipline of disbarment on March 11, 2003. *Attorney Grievance Commission v. Roberson*, 373 Md. 328, 818 A.2d 1059 (2003).

**3.** The Board concluded that the violations alleged in the Georgia proceeding constitute violations of Rule 1.3 (zealous representation of client and reasonable promptness in representation), Rule 1.5(a) (reasonable fee), Rule 1.5(c) (written requirement of a contingent fee agreement), Rule 1.7(b)(2) (conflict of interest involving lawyer's representation of two parties), Rule 1.7(b)(4) (conflict of interest involving lawyer's financial interest), Rule

1.15(a) (failure to maintain complete records of client account funds), Rule 1.15(b) (failure to promptly notify client of receipt of funds which client has interest), and Rule 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation) of the D.C. Rules of Professional Conduct.

**4.** In light of the two separate disciplinary proceedings in Georgia and Maryland where respondent participated and offered explanations and potential mitigating circumstances that were rejected, the court is assured that all procedural safeguards were afforded respondent.