**In re Murray L. DEUTCHMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals. Bar Registration No. 161729.**

**No. 03–BG–997.**

District of Columbia Court of Appeals.

Submitted Nov. 10, 2004.

Decided Nov. 24, 2004.

Before FARRELL and WASHINGTON, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On August 4, 2003, the Court of Appeals of Maryland disbarred respondent Murray L. Deutchman based on a joint petition for disbarment by consent.[1] In the petition he acknowledged that he was under investigation for conversion of client funds and that there was evidence sufficient to support the allegations.[2]

Bar Counsel notified us of this action and we temporarily suspended respondent on October 1, 2003, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board") for a determination of whether

---

1. In the joint petition, respondent stated erroneously that he was not admitted to the bars of any other states. However, Bar Counsel advises us that respondent was a member of the District of Columbia Bar, having been admitted by motion of April 13, 1971; however, he has been administratively suspended since November 30, 1992, for non-payment of dues. Bar Counsel further informs us that

based on his Maryland disbarment, respondent has also been disbarred by the United States Court of Appeals for the Fourth Circuit, and the United States Court of Appeals for the District of Columbia Circuit.

2. In violation of Rules 1.15, 8.4(c) and (d) of the Maryland Rules of Professional Conduct, and Maryland Rule 16–609.

identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo.* The Board now recommends that we disbar respondent as identical reciprocal discipline. Bar Counsel has not taken exception to the Board's report and recommendation and respondent has not filed a response.[3]

Our review in uncontested disciplinary cases is limited and the presumption is in favor of identical reciprocal discipline. *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Respondent's conduct in Maryland (namely conversion of client funds) entailed intentional misappropriation and dishonesty which, if committed here, would warrant disbarment.[4]

The Board thus recommends disbarment. Since no exception has been taken, we give heightened deference to the Board's recommendation. *See* D.C. Bar Rule XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, as there is substantial support in the record for the Board's findings, we accept them and adopt the recommended sanction since it is not inconsistent with discipline imposed in similar cases.[5] Accordingly, it is

ORDERED that Murray L. Deutchman is disbarred from the practice of law in the District of Columbia. Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**3.** Respondent also did not participate in any proceedings before the Board.

**4.** *See In re Addams,* 579 A.2d 190 (D.C.1990) (en banc).

**5.** *See, e.g., In re Steely,* 806 A.2d 1236 (D.C. 2002).