**In re Joel CHASNOFF, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 04–BG–1436.

District of Columbia Court of Appeals.

Submitted Sept. 22, 2005.

Decided Oct. 6, 2005.

Before TERRY and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

On July 22, 2004, the Court of Appeals of Maryland disbarred respondent, Joel Chasnoff, pursuant to a joint petition for disbarment by consent filed by the Maryland Attorney Grievance Commission and respondent. Bar Counsel notified us of this action and we temporarily suspended respondent on December 7, 2004, pursuant to D.C. Bar R. XI, § 11(d). We referred the matter to the Board on Professional Responsibility ("Board") for a determination of whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo.*[1]

The disciplinary case in Maryland involved two separate matters. In the first matter, Mr. Chasnoff was charged with failure to represent a client with compe-

---

1. Although respondent is a member of the District of Columbia Bar, he has been administratively suspended since November 30, 1989, for failure to pay dues. In addition, in *In re Chasnoff,* 827 A.2d 808 (D.C.2003), an- other reciprocal matter from Maryland, respondent was suspended for ninety days, with reinstatement conditioned on his proof of fitness.

tence and diligence, failure to keep the client reasonably informed about the status of representation, and conduct prejudicial to the administration of justice.[2] In the second matter, which involved alleged omissions and/or misstatements of material facts in an application for malpractice insurance, he was charged with committing a criminal act reflecting on his honesty, trustworthiness, or fitness; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and engaging in conduct prejudicial to the administration of justice.[3] In the joint petition for disbarment, Mr. Chasnoff freely and voluntarily consented and stipulated that, if a hearing were held, sufficient evidence could be produced to support one or more of these allegations.

In its Report and Recommendation, the Board recommends that this court impose identical reciprocal discipline. *See In re Berger,* 737 A.2d 1033 (D.C.1999). Bar Counsel does not take exception. Mr. Chasnoff did not participate in the reciprocal proceeding before the Board and has not filed a response or an affidavit under D.C. Bar R. XI, §§ 14(g) and 16(c).

Our review in uncontested disciplinary cases is limited and the presumption is in favor of identical reciprocal discipline, unless the respondent demonstrates, or the court finds on the face of the record, by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies.[4] When the imposition of reciprocal discipline is not contested by the respondent, the Board, at most, must review the proceeding in the foreign court to be assured that no blatant miscarriage of justice would take place if reciprocal discipline were imposed.[5] The Board found no evidence that the Maryland proceeding lacked due process or that there was an infirmity of proof. Mr. Chasnoff's misconduct in Maryland, which involved dishonesty, if committed in the District of Columbia, would justify disbarment.[6]

Since no exception has been taken, this court gives heightened deference to the Board's recommendation.[7] There is substantial support in the record for the

---

**2.** In violation of Rules 1.1, 1.3, 1.4, & 8.4(d), respectively, of the Maryland Rules of Professional Conduct ("Maryland Rules").

**3.** In violation of Maryland Rules 8.4(b), 8.4(c), and 8.4(d), respectively.

**4.** *In re Deutchman,* 861 A.2d 1275 (D.C.2004); *see also In re Zdravkovich,* 831 A.2d 964, 968, 971 (D.C.2003). The five exceptions are:
  (1) the procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
  (2) there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject;
  (3) the imposition of the same discipline by the Court would result in grave injustice;
  (4) the misconduct established warrants substantially different discipline in the District of Columbia; or

  (5) the misconduct elsewhere does not constitute misconduct in the District of Columbia.
  D.C. Bar R. XI, § 11(c).

**5.** *In re Childress,* 811 A.2d 805, 807 (D.C. 2002) (internal citation omitted).

**6.** *See In re Roberson,* 861 A.2d 1267, 1268 (2004) (citing *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc)); *In re Slattery,* 767 A.2d 203 (D.C.2001); *In re Lopes,* 770 A.2d 561, 570, n. 5 (D.C.2001) ("Sanctions for dishonesty range generally from 30 days suspension to disbarment.").

**7.** D.C. Bar Rule XI, § 9(g)(2) ("When no exceptions are filed ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997).

Board's findings. We accept them and adopt the recommended sanction since it is not inconsistent with discipline imposed in similar cases.[8] Accordingly, it is

ORDERED that Joel Chasnoff is disbarred from the practice of law in the District of Columbia. Moreover, since he has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

8. *See, e.g., Deutchman, supra,* 861 A.2d at 1275; *In re Steely,* 806 A.2d 1236 (D.C.2002).