**In re Scott G. SMITH, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–998.**

District of Columbia Court of Appeals.

Submitted Sept. 29, 2005.

Decided Oct. 27, 2005.

Before RUIZ and KRAMER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

On July 30, 2003, the Court of Appeals of Maryland disbarred respondent, Scott G. Smith, a member of the bar of this court.[1] Bar Counsel notified us of this action and we temporarily suspended respondent on September 17, 2003, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board") for a determination of whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*.[2]

The disciplinary petition in Maryland was founded on four separate complaints. It charged respondent with violations of the Maryland Rules of Professional Conduct ("Maryland Rules"), namely by failing to keep client property safe, knowingly failing to respond to a disciplinary authority, and engaging in misconduct.[3] It also alleged that he misused trust money and engaged in prohibited transactions.[4] The Maryland Court of Appeals found that respondent, in his role as escrow agent, received hundreds of thousands of dollars to be held in escrow to be returned to the depositors if the desired transactions did not take place. Instead, respondent improperly disbursed the funds to other persons for unauthorized uses. Respondent also failed to provide particular bank records pertaining to his escrow account sought by the Maryland disciplinary authorities. The Maryland Court of Appeals concluded that respondent should be disbarred because he had intentionally misappropriated client funds; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; failed to turn over pertinent financial records to Maryland Bar Counsel when requested during the disciplinary investigation; and misled Maryland Bar Counsel with regard to the status of the trust funds.

The Board recommends that this court impose identical reciprocal discipline of disbarment. The Office of Bar Counsel has indicated that it does not take exception to the Board's recommendation. Respondent has filed a notice with this court that he pleads *nolo contendere* to the disbarment.

There is a presumption in favor of identical reciprocal discipline, unless the respondent demonstrates, or the court finds on the face of the record, by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies. *See In re Zdravkovich*, 831 A.2d 964, 968 (D.C.2003); *In re Berger*, 737 A.2d 1033, 1040–41 (D.C.1999) (refusing to deviate from the rebuttable presumption that identical reciprocal discipline be imposed). When the imposition of reciprocal discipline is not contested by the

---

1. Respondent was admitted to the bar of this court on July 5, 1978.

2. Following his Maryland disbarment, respondent was disbarred from the United States Court of Appeals for the District of Columbia Circuit and the Virginia State Bar as reciprocal discipline.

3. In violation of Rules 1.15(a) & (b), 8.1(b), and 8.4(a), (b), & (c), of the Maryland Rules.

4. These transactions would violate two provisions of the Business Occupation and Professions Article of the Maryland Code, §§ 10–306, 10–606(b), and Maryland Rule 16–609.

respondent, the Board's role is restricted to reviewing the proceeding in the foreign court to be assured that no blatant miscarriage of justice would take place if reciprocal discipline were imposed. *See In re Childress*, 811 A.2d 805, 807 (D.C.2002). The Board found no evidence of a miscarriage of justice. Respondent's misconduct in Maryland, namely misappropriation and dishonesty, if committed here, would justify disbarment. *See In re Roberson*, 861 A.2d 1267, 1268 (D.C.2004) (citing *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc) and *In re Slattery*, 767 A.2d 203 (D.C.2001)).

Since this court gives heightened deference to the Board's recommendation where no exception has been taken, and as there is substantial support in the record for the Board's findings, we accept them and adopt the recommended sanction. *See* D.C. Bar R. XI, § 9(g)(2); *In re Deutchman*, 861 A.2d 1275, 1276 (D.C.2004); *In re Steely*, 806 A.2d 1236 (D.C.2002); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Accordingly, it is

ORDERED that Scott G. Smith be disbarred from the practice of law in the District of Columbia.[5] Moreover, since respondent has not filed an affidavit which complies with D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility

---

5. The Board in its report concluded that the affidavit filed by respondent did not comply with the "core" requirements of D.C. Bar R. XI, § 14(g). The Board initially recommended that if respondent were to file a compliant affidavit within 10 days of its report and recommendation (dated December 21, 2004), the effective date of his disbarment for purposes of reinstatement would be the date he first filed the affidavit with the Board, September 23, 2003. As respondent has failed to do so, for reinstatement purposes his disbarment will run from the date he files an

for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

affidavit that meets the requirements of D.C. Bar R. XI, § 14(g).